WOOD, appellant, v. FORNCROOK.

*Deed — breach of covenant in.*

Defendant executed to plaintiff a deed of uninclosed and uncultivated lands
containing a covenant for quiet and peaceable possession. At the time the
deed was executed there was a mortgage upon the premises, and subse-
quently the mortgage was foreclosed and the premises sold; but the pur-
chaser did nothing to evict the plaintiff. *Held*, that the plaintiff could not
maintain an action against defendant for breach of the covenant in the deed.

APPEAL from a judgment at circuit in defendant's favor. The
action was brought by Noah Wood against Betsey C. Forncrook to
recover for an alleged breach of warranty in a deed of land. The
land conveyed by the deed was uninclosed and uncultivated; but
at the time of conveyance there was an outstanding mortgage which
was subsequently foreclosed, and the premises sold; but the pur-
chaser did nothing to disturb the possession of the plaintiff. The
deed to plaintiff contained a covenant for quiet and peaceable enjoy-
ment of the possession of the premises conveyed. The purchaser of
the premises at the sale under foreclosure was the husband of
defendant, and he told plaintiff his rights would be sacred. At the
trial the plaintiff was nonsuited, and judgment was rendered for
defendant. Plaintiff appealed to this court.

*William Roe*, for appellant, cited *Cowdrey* v. *Coit*, 44 N. Y. 382;
*Home Life Ins. Co.* v. *Sherman*, 46 id. 370.

*J. H. Camp*, for respondent.

MULLIN, P. J. The plaintiff was rightly nonsuited as no eviction
was proved.

The owner of the legal title to uninclosed and uncultivated land
is presumed to be in possession, as possession in law follows the
title.

To entitle a plaintiff to recover damages for the breach of the
covenant for quiet enjoyment an eviction must be proved, or he
may, in the event of his title being divested by a superior title, sur-
render possession to the owner of the superior title, or notify his
grantor that he relinquishes all claim to said premises, or he may

show that the owner of the superior title has offered them for sale. *St. John* v. *Palmer*, 5 Hill, 599; *Greenvault* v. *Davis*, 4 id. 643; *Cowdrey* v. *Coit*, 44 N. Y. 382; *Home Life Ins. Co.* v. *Sherman*, 46 id. 370.

Although the title of plaintiff was divested by the foreclosure of the mortgage and sale of the premises thereunder, the plaintiff's possession has never been disturbed, nor has he surrendered possession, nor has the purchaser at the sale sold or offered, or even threatened to sell the premises; but on the contrary, has recognized plaintiff's title as still valid. The judgment must be affirmed.

*Judgment affirmed.*