DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## April, 1880.

---

## CALVIN WEST, Respondent, v. THE FIRST NATIONAL BANK OF ELMIRA, Appellant.

*Deposit of money with a bank — right of a depositor to assume that the certificate given to him therefor is that of the bank and not that of an individual — when the bank is estopped from denying its liavility on the certificate — Evidence — as to intent of depositor — as to knowledge of bank officers.*

The defendant was a national bank doing business at Elmira. It was in the habit of receiving money on deposit and of issuing certificates therefor to the depositor ; in some cases the certificates were issued in the name of the bank, in other cases the money was placed to the credit of its president, Van Campen, and the certificates purported to be issued by him individually, this course of business being known to, and permitted by the officers of the bank.

February 21, 1867, the plaintiff deposited money with the teller of the bank over its counter, and received a certificate of deposit therefor, purporting to be issued by Van Campen, individually; the plaintiff had previously made deposits with the bank under similar circumstances and had received similar certificates, which had been paid on demand at the counter of the bank by its employees. He made the deposit on the credit of the bank, and accepted the certificate as an evidence of the deposit, under the honest belief that it was the obligation of the bank ; Van Campen was not present at the time the deposit was made, nor was his name then mentioned ; the plaintiff only knew him as the president of the bank   The plaintiff brought an action against the bank to recover the amount so deposited.

*Held,* that he was entitled, under the circumstances, to believe that the certificate so delivered to him was the obligation of the bank, and that the latter was estopped from denying its liability thereon.

Upon the trial the plaintiff was allowed, against the defendant's objection and exception, to testify that he supposed and believed the certificate, when he received it, to be that of the bank; and that if he had known it was the certificate of Van Campen he would not have accepted it.

*Held*, that the evidence was properly admitted.

Upon the trial one of the directors was allowed to state that he was aware of the fact that Van Campen's certificates were issued for money deposited at the bank.

*Held*, that the evidence was properly received, for the purpose of showing that the officers of the bank had knowledge of the course of business adopted by their employees in conducting business over the counter of the bank.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon a case and exceptions.

This action was brought by the plaintiff to recover the sum of $500, alleged to have been deposited by him with the defendant, a national bank, at its banking-house, in Elmira, on the 21st day of February, 1867.

At the time the deposit was made, the following certificate was given to the depositor :

" No. 2,200.

" OFFICE OF S. R. VAN CAMPEN, }
" ELMIRA, N. Y., *September* 21, 1867. }

" L. L. Aber has deposited in this office five hundred dollars, payable to his order, with interest at five per cent if left six months, and four per cent if left thirty days, on the return of this certificate — $500.

" S. R. VAN CAMPEN."

Van Campen was the president of the bank. It appeared that the defendant was in the habit of receiving deposits of money and issuing certificates therefor, and that, in some cases, such certificates purported to be issued by the bank itself, and in others by Van Campen individually. In the latter cases the deposits were credited to Van Campen's individual account. Van Campen having become insolvent, the bank refused to redeem the certificates signed by him individually.

The plaintiff claimed, that when he made the deposit he had the certificate made to the order of L. L. Aber, his step-son,

intending to give it to him, but that he subsequently changed his mind and had the said Aber indorse the said certificate and all his interest therein to him.

*John Murdock*, for the appellant.

*John T. Davidson*, for the respondent.

BOCKES, J. :

It is insisted, in the first place, that the verdict of the jury to the effect that the deposit in question was made by the plaintiff is unsupported by the evidence. On this issue much proof was submitted, and a very strong case was made favorable to the defence. But the plaintiff testified distinctly and positively, and indeed circumstantially, as to the occurrence, and that he made the deposit himself, and with his own money. In this he was corroborated to some extent; although the supporting proof was not very convincing or decisive in character ; at least this is so as it appears to us on a reading of the printed case. We cannot say, however, that the verdict is absolutely against the evidence, for the jury had the right to believe the plaintiff's positive statement, with the slight proof given in its corroboration against even the strong case made for the defence. It would doubtless have been improper to have taken the case from the jury as it stood at the close of the trial. So it would be now improper, on the appeal, to hold that the verdict is certainly and absolutely against the truth ; or that it is so manifestly against the weight of evidence as to demand that it should be set aside for that reason. As above suggested, the jury had a right to believe the plaintiff, and it does not lie with the court, on appeal, to hold that he did not state the truth, in the absence of positive proof of his untruthfulness. There are many cases holding to the rule that, although the court might be inclined to differ with the jury in their conclusion upon a question of fact, still if a case be made for their determination, so that they have the right to find one way or the other accordingly as they should believe or construe the evidence, their verdict must be respected. This case must be deemed to be with the plaintiff on this question of fact. Therefore the fact

must stand as found by the jury, that the deposit was made by the plaintiff.

It may be well here to see to what extent the questions involved in this case were determined by the decision in *Coleman's Case,* which was an action against the defendant herein, based on very much the same state of facts as are proved to have existed in this case. (53 N. Y., 390.) In that case the deposit was made under similar circumstances as in this; and a certificate was given by the teller of the bank to the depositor, as is this case, signed by Van Campen. It was laid down by the court in that case, that irrespective of the certificate the liability of the bank was clear; that having received the plaintiff's money as a deposit, with no information to him that it was for Van Campen personally, the bank became bound upon a simple contract to pay it upon demand; that, notwithstanding the giving of the certificate in the name of Van Campen individually, and not as an officer of the bank, yet it was competent to show by parol proof that the bank, and not Van Campen, was the depositary; and, further, that if the latter fact was found for the plaintiff on the proof, the plaintiff established his right of action. It was made also a question of fact in that case, as it was in this, whether the plaintiff believed and had a right to believe, under the circumstances attending the deposit, that he was dealing with the bank, and not with Van Campen individually. In both cases the jury found for the plaintiff upon this question. It is here urged that the plaintiff should be concluded by his acceptance of Van Campen's certificate, because, as is claimed, that was itself on its face notice to him that Van Campen, and not the bank, was the depositary, and we are cited to a class of cases which hold that a party *signing* a paper will not be heard to deny knowledge of its contents in the absence of fraud or mistake. (*Germania Ins. Co.* v. *R. R. Co.,* 72 N. Y., 91–93; *Hill* v. *R. R. Co.,* 73 id., 351; *Upton* v. *Tribilcock,* 91 U. S. [1 Otto], 50.) This question was also in *Coleman's Case,* and the point was ruled against the defendant, a distinction being noted between the cases cited and this in hand. It was there said, per ANDREWS, J., after making the distinction alluded to : "If the plaintiff had examined the certificate he would have been apprised of the fact that it purported to be the

individual obligation of Van Campen. But he did not do so. He had a right to suppose that it was the proper acknowledgment of the bank with which the money was deposited. *The doctrine of constructive notice from the possession of the certificate would be misapplied if in this case it should be held to exempt the bank from liability.*" In *Coleman's Case*, it is true, the plaintiff could not read or write except his own name, but the principle or ground of decision, given us in the language above quoted, is to the effect that such circumstance was not controlling. The rule laid down was, that even if the party in this case had been apprised of the fact that the certificate purported to be the individual obligation of Van Campen, still the former would be at liberty to prove that the deposit was in truth and in fact made with the bank, and upon the faith of its responsibility. We need not here repeat the reasoning of the learned judge which led to this conclusion. So, then, we must accept of that decision, and give it application here, to wit : that the plaintiff was not bound, by his acceptance of the certificate, to knowledge or notice that the deposit was taken and accepted for Van Campen, and not by and for the bank. Whether he had such knowledge or notice was an open question to be determined by the jury on the proof submitted. (See remarks of ANDREWS, J., on page 392.) The verdict of the jury here is against the defendant on this question, as it was in *Coleman's Case*. Thus it is seen that very many of the questions in this case are disposed of by the decision in *Coleman's Case*. But one of importance here was left undisposed of in that case. The closing paragraph of the opinion in *Coleman's Case* is as follows : " These views dispose of the case, and render it unnecessary to consider whether the certificate issued to the plaintiff may not be treated as the obligation of the bank ; and whether the bank is not precluded as against the plaintiff from denying it." This question will now be considered, and if found in the plaintiff's favor such conclusion will go far towards a final disposition of this appeal.

The case was not given to the jury to find directly on this question of estoppel ; but did not the facts found by the jury, with those not disputed, operate in law to estop the defendant from denying that the certificate delivered to the plaintiff by the bank

was its own obligation ? Giving due effect to the verdict, and it stands proved that the plaintiff himself made the deposit ; that it was made over the counter of the bank in the usual course of bank business ; that the transaction was between the plaintiff and the teller of the bank, and was a deposit with the bank and not with Van Campen ; that the taking of money on deposit was a part of the ordinary business of the bank ; that Van Campen was not present at the time of making the deposit, nor was his name then mentioned ; that the plaintiff only knew him as the president of the bank ; that he was handed the certificate as an evidence of the deposit ; that he had previously made deposits with the bank under similar circumstances, and had received similar certificates which had been paid on demand at the counter of the bank by the teller or bank employees, and that he made the deposit on the credit of the bank and accepted the certificate under the honest belief that it was the obligation of the bank. This practice and course of business was known to the officers of the bank, and was authorized, or at least was permitted, without calling the attention of its customers to its peculiarity as between the bank and its president, Van Campen. Now had not the plaintiff under these circumstances the right to believe that the certificate so delivered to him was the obligation of the bank ? If the bank permitted him to deal with it on the faith of its responsibility, and gave him an obligation which he accepted as that of the bank, and which, from the conduct and action of the bank, he had a right to believe was the obligation of the bank, should it not be precluded as against the plaintiff from denying that the paper was other than what it had in effect asserted it to be ? Here, as it seems, there existed all the elements of an estoppel *in pais*. The plaintiff was allowed to deal with the bank under circumstances amounting to an assurance, on its part, that such dealings were with it and not with another, and the latter gave him a paper on assurances calculated to induce the belief on his part that it was its obligation. He accepted the paper on the faith of such assurances. This should, and in law, does preclude the bank from disputing the just and fair results of its action, if to the injury of the party dealing with it on the faith of such action. The doctrine of estoppel *in pais* rests upon equity, good conscience,

and honest dealing. Give application here to this doctrine, and the bank must be held to its representations and assurances that the certificate was its own. It cannot be permitted to deny this, otherwise sanction would be given to the perpetration of a fraud upon a person dealing with it in good faith. (*Mad. Av. B. Church* v. *Oliver Street B. Church*, 73 N. Y., 90; *Bissell* v. *R. R. Co.*, 22 N. Y., 258, 279.) We are of the opinion that the defendant must be held to be estopped from denying that the certificate was other than its own obligation.

A few questions yet remaim to be considered. It is urged that the plaintiff was improperly allowed to testify that he supposed and believed the certificate to be that of the bank when he received it; and that if he had known it was the certificate of Van Campen he would not have accepted it. This evidence was competent; as his belief in that regard was a fact on which the decision of the case was made to turn. It was a fact, not a matter of mere opinion. In this respect it was like a question of intent in the case of an attack upon an assignment for fraud, alleged to have been made with intent to hinder, delay and defraud creditors. The rule applicable to evidence of this character is laid down in *Dillon* v. *Anderson* (43 N. Y., 236), where it is said, per FOLGER, J., " that where the doing of the act is not disputed, but is affirmed, and whether the act shall be held valid or invalid hangs upon the intent with which it was done, which intent from its nature would be formed and held without avowal, there he upon whom the intent is charged may testify whether he secretly held such intent when he did the act." The case steers clear of the decision in *Cowdrey* v. *Coil* (44 N. Y., 382), and in *Nichols* v. *Ore Co.* (56 id., 618); and falls within the rule laid down in *Dillon* v. *Andrews* (*supra*), and in *Cortland County* v. *Herkimer County* (44 N. Y., 22); also in *Sweet* v. *Tuttle* (14 id., 465). This evidence was properly admitted.

It is next urged that the evidence given by Mrs. Burt, to the effect, that she believed her certificate to have been that of the bank, was improperly admitted. It is difficult to see how this evidence could have operated to the injury of the defendant. It bore upon no issue in the case, was remote and wholly irrelevant and immaterial, so much so as to be manifestly innoxious.

Nor was it error to allow Blossom, the teller, who acted under the direction of the officers of the bank, to state that the certificate would not have been taken or paid by the bank after Van Campen's failure, had it been presented. This evidence bore upon the question whether the bank had been injured by the plaintiff's delay in presenting it for payment, a question supposed by the defence to be important. It may be here remarked that if the conclusion above reached be sound, to wit: that the certificate must, on an application of the law of estoppel, be held to be the obligation of the bank, the question of delay in the presentation of the certificate for payment is out of the case.

Nor was it erroneous to permit Gilbert, a director of the bank, to state that he was aware of the fact that Van Campen's certificates were issued for money deposited at the bank. This evidence was admissible to show that the bank officers, or that Gilbert as one of them, had knowledge of the course of business adopted by their employees in conducting the business over the counter of the bank.

Various exceptions were taken to the charge of the judge, and to his refusals to charge as requested. Five points relating to his refusal to charge are on this appeal urged upon our consideration. The first two, have reference to questions of the plaintiff's ability to learn, and his diligence in learning, whether the deposit was with Van Campen or with the bank, and the remaining three relate to the plaintiff's negligence in omitting to present the certificate or in giving notice to the bank of his claim upon it. The case was well submitted to the jury, as we think, on these points. We discover no error in the manner in which the case was submitted to the jury, calling for a reversal of the judgment.

Judgment and order appealed from should be affirmed, with costs.

Learned, P. J., and Boardman, J., concurred.

Judgment and order affirmed, with costs.