### JOHN M. MUSCOTT v. JOSEPH H. STUBBS.

1. WITNESSES—*Manner of Testifying, and Credibility.* Equally credible witnesses will often speak of a past event in a different manner, one with positiveness and assurance, and the other with doubt and hesitation ; yet it does not follow that a jury must credit the former in preference to the latter, or that if they fail so to do, a court is justified in setting aside the verdict as against the evidence.

2. CONTRACT, *When not Implied.* A contract will not be implied from the mere fact that work is done which is beneficial to the party sought to be charged. If the circumstances show that the work done was primarily and directly for the benefit of the party doing it, or under an express contract with a party equally interested with the one sought to be charged, and also that the latter has, to the knowledge of the party claiming the implied contract, made an express contract with another to do such work and that the two have worked together in performing the labor, a jury may be justified in finding that the party is liable only upon the express contract.

### *Error from Rice District Court.*

ACTION originally brought before a justice of the peace by *Muscott* against *Stubbs*, to recover $25 which he claimed to be due him from the defendant for his services as an attorney at law in a certain case. Trial before the justice, April 22, 1878, and judgment for plaintiff. The defendant appealed to the district court, wherein, at the June Term, 1880, the plaintiff's motion for a new trial was overruled, and judg-

ment given for the defendant. *Muscott* brings the case here. The opinion states the facts.

*John M. Muscott*, plaintiff in error, for himself.

*J. H. Smith*, for defendant in error.

The opinion of the court was delivered by

BREWER, J.: The facts in this case are these: Plaintiff was county attorney of Rice county. Defendant was clerk of the district court of that county, and one W. T. Nicholas his deputy. As such county attorney, plaintiff filed an information against one W. B. F. Moore, charging him with the crime of murder, and said Moore was arrested and held to answer for that offense. Thereafter said Moore commenced an action for false imprisonment on account thereof, against this plaintiff, this defendant and said Nicholas. Plaintiff defended that action successfully, and now sues defendant for professional services in making such defense. The case was tried by a jury, which returned a verdict for defendant. They also answered certain special questions. Judgment was entered thereon in favor of the defendant, and plaintiff now alleges error.

The first question is one of fact. Plaintiff testifies to an express contract, that defendant in terms employed him to defend. Defendant denies any such contract. True, the language of defendant, as it appears in the record, is not as positive and emphatic as that of plaintiff. He says: "As I understand it, I never employed Muscott as my attorney to defend me in the Moore action, nor did I ever request him to defend me in that action." He admits frequent conversations with plaintiff, but they were jointly sued and jointly interested in making a defense. Such conversations were therefore very natural, and do not carry any admission of plaintiff's employment. The words, "as I understand it," may have been intended by the witness to qualify only the first clause of the sentence, leaving the latter as a positive and ab-

solute denial.    Indeed, such would be the natural import of
the language.    But we lay no particular stress on this.    Be-
cause one witness speaks positively and another doubtingly,
it does not follow that the jury must credit the former rather
than the latter.    Equally truthful men often speak in very
different ways about the same transaction, one with perfect
confidence and the other with doubt and hesitation.    One
will say, "It was," and the other, "I think it was."    A
jury is bound by neither statement, but may credit either.

Again, it is said that if there was no express contract, there
was an implied one, because in fact plaintiff did render profes-
sional services to defendant, with the latter's knowledge and
assent.    The fact is, that all the papers on the part of the
defense were prepared and signed by plaintiff alone, as attorney
for the defendants.    He alone presented and discussed the
questions in court.    The case never went to trial, however,
and these questions were in preliminary matters.    It also ap-
pears that defendant employed one J. H. Smith as his at-
torney to look after his interests in that suit; that plaintiff
knew of this employment, and consulted about the case with
said counsel.    Now the principle upon which implied con-
tracts are sustained is, not merely that one party has done
work which benefits the other, because it was never the law
that one party could force a contract upon the other, but also
that such other party, knowing that the services are being
performed for his benefit and on his account, makes no ob-
jection, but permits the party to continue doing the work and
performing the services.    Do the facts in this case show such
knowledge and assent?    They are consistent with, but do not
prove, and therefore the jury were not bound to find such
knowledge and assent.    If defendant had employed no at-
torney to look after his interests, or had not notified plaintiff
of such employment, then his knowledge that plaintiff was
carrying on the defense for all the defendants, might create
an implied contract.    But here the plaintiff was jointly sued
with defendant; their interests were alike; their defense was

joint. Now, if neither plaintiff nor defendant had been attorneys, and each had employed counsel to the knowledge of the other, and of the respective counsel, the manner in which those counsel carried on the defense would ordinarily be a matter of their own choosing, and the knowledge by one client, that the counsel of the other prepared and signed all the papers, and took the leading part in the defense, would not raise an implied contract, for he might fairly suppose that what he did was by virtue of his express employment by the other, and in consequence of some personal understanding between the two counsel. The fact that the plaintiff occupied the two-fold position of counsel and client, in no manner changes this. Muscott, as counsel for Muscott defendant, was charged with the duty of full preparation, and careful defense for his client's sake. Defendant having employed Smith, had a right to suppose that Smith would protect his interests, and each party defendant having counsel, to suppose that the two counsel would act together for the mutual interests of the two defendants, and at the same time, each look to his own client for compensation. Placing all the undisputed facts together, it cannot be said that an implied contract was proved. And as to the disputed facts, the jury found against the plaintiff.

The same considerations are a sufficient answer to the criticism on the refusal of the court to give instruction No. 3, asked by plaintiff. And there are also other reasons why the instruction was properly refused.

Objection is made to the ruling of the court in the admission of certain testimony. We see nothing in this of sufficient moment to justify a reversal. Indeed, upon the claim of an implied contract, it may well be, that all the circumstances and surroundings of the defense in the Moore case were properly presented to the consideration of the jury, and on the whole it may be said, that the record presents little more than a strong contradiction between parties as to their recollection and testimony about past events, a contradiction

whose solution must be left to the triers of fact, and they having pronounced against the plaintiff, their decision is conclusive.

The judgment will be affirmed.

All the Justices concurring.