JOHN M. MUSCOTT v. ROBERT HANNA.

1. CASE-MADE; *Sufficient Attestation.* After a case-made is settled and signed by the judge, no certificate of the clerk of the court thereto is required by the statute. The attestation of the clerk and the seal of the court are sufficient.

2. EVIDENCE, *Sufficiently Stated in Case-Made.* Where a case-made among other things sets forth that "The following witnesses were then sworn in behalf of plaintiff, relative to the value of the services of plaintiff in the actions of the state of Kansas against the Hunters and state of Kansas against defendant, and gave evidence tending to prove that said services were worth from $20 to $35, to wit, J. W. White, W. R. Brown, and J. H. McClanahan," and thereafter contains the statement "that the defendant here rested his defense, and the evidence on both sides was here closed, and the foregoing is all the evidence given by both parties on the trial of this action in the district court, which trial ended June 23, 1881," such case-made shows that it sufficiently contains the evidence introduced on the trial.

3. HEARSAY TESTIMONY, *Erroneously Admitted.* In an action brought by plaintiff against the defendant for services as an attorney at law, the court, against the objection of plaintiff, permitted the defendant to testify that a lawyer employed by him in the case said to such defendant, in reference to the plaintiff and a letter written by the latter for pay for his alleged professional services: "That is another of the old man's tricks; he is all the while interfering in my business matters; I will attend to this matter." *Held,* Such statements are mere hearsay testimony, and under the circumstances of this case may have influenced the jury, and therefore its admission was material error.

## *Error from Rice District Court.*

ACTION originally brought before a justice of the peace by *Muscott* against *Hanna,* to recover $25, which he claimed to be due him from the defendant for his services as an attorney at law in certain cases. First trial before the justice July 5, 1879, and verdict for plaintiff for $10. July 7th new trial granted, and second trial before the justice, July 16th, 1879. Judgment for plaintiff for $15, together with his costs, taxed at $33.60. The defendant appealed to the district court, and at the June Term, 1881, trial was had. The jury returned a verdict for the defendant, and also made the following findings of fact:

" 1. Did the plaintiff in this action, as an attorney and counselor at law, in February, 1879, perform services as such attorney and counselor in behalf of the defendant, Hanna, in this action, in an action in a justice's court in Rice county, Kansas, before Levi Joy, justice, wherein the state of Kansas was plaintiff and the said Hanna was defendant? *Ans.:* Yes.

"2. Did said plaintiff, Muscott, as such attorney, in February, 1879, perform services in behalf of said defendant, Hanna, in an action in the above-named justice's court before said Justice Joy, wherein the state of Kansas was plaintiff and W. E. Hunter and R. N. Hunter were defendants, and in which action the said Hanna was the prosecuting or complaining witness? *Ans.:* Yes.

"3. Was the defendant, Hanna, in court on the hearing or trial of the above action of the state of Kansas against him, and was he sworn and examined as a witness in his own behalf on the trial thereof, and was the plaintiff, Muscott, also present in said court before said Justice Joy, and

acting during said trial as one of the attorneys for said Hanna, therein, to the knowledge of said Hanna? *Ans.:* Yes.

"4. Did said Hanna, during the hearing or trials of the above-described actions, make any objections to the performance by said plaintiff, Muscott, of the services so rendered in said actions in behalf of said Hanna? *Ans.:* No.

"5. Prior to the performance by said Muscott of the services in behalf of said Hanna, described in the foregoing interrogations, did the said Muscott and Hanna make any contract by the terms of which said Muscott was to perform said services, or any portion thereof, without charge to said Hanna? *Ans.:* No.

"6. What were the services of said Muscott in behalf of the said Hanna, mentioned in the foregoing interrogatories, worth? *Ans.:* (Not answered.)

"6½. Does the evidence show that there was any agreement between plaintiff and Wm. J. Fuller, or between plaintiff and defendant, whereby plaintiff agreed to render the services declared upon in the plaintiff's bill of particulars and in said suits, and to look to said Fuller for payment for said services? If yea, state when and where said agreement was made? *Ans.:* No.

"7. Did the plaintiff, Muscott, in the year 1878 or 1879, as such attorney and counselor, at the request of said defendant, Hanna, furnish and render to said Hanna advice and counsel to and for said Hanna in addition to the services described in the foregoing interrogatories? If yea, what was the advice and counsel worth? *Ans.:* No.

"8. Has the said Muscott been paid anything, and if so how much, for the services and advice and counsel named in the foregoing interrogatories? *Ans.:* No."

Attached to the petition in error is a case-made, and at one place therein it sets forth:

"The following witnesses were then sworn as witnesses in behalf of the plaintiff relative to the value of the services of plaintiff in the actions of the state of Kansas against the Hunters and the state of Kansas against defendant, and gave evidence tending to prove that said services were worth from $20 to $35, to wit, J. W. White, W. R. Brown, and J. H. McClanahan."

At the conclusion of the evidence, the case-made also contains the following statement:

"The defendant here rested his defense, and the evidence

on both sides was here closed; and the foregoing is all the evidence given by both parties on the trial of this action in the district court, which trial ended, June 23, 1881."

Judgment was rendered for the defendant, and plaintiff brings the case here.

*John M. Muscott*, and *J. H. Bailey*, for plaintiff in error:

1. The general verdict is unsupported by evidence; and upon the facts required to be proved by plaintiff to entitle him to recover, there is no conflict of evidence. Upon the undisputed facts, the law implies a promise or obligation on the part of the defendant to pay plaintiff for his services. They were rendered in his behalf and with his knowledge; he received the benefit thereof, making no objection thereto at the time, and knowing that plaintiff had never agreed to volunteer said services without pay, and having no knowledge that plaintiff had ever gratuitously offered these services to Fuller. Plaintiff, defendant and Fuller all testify that Fuller did not employ plaintiff; and there is not a *scintilla* of evidence to show that Muscott ever volunteered such services. Courts and juries will not, in the absence of evidence, presume that a lawyer volunteers services for four or five days, proven to be worth $25 to $35, for his own amusement. The presumption is the other way; and when valuable services, like plaintiff's in this case, are rendered in the presence of the party who reaps the benefit thereof, without dissent on his part at the trial, the *onus* is on that party to show by legal evidence that such services were tendered as a gratuity, if he would escape payment.

2. The general verdict is inconsistent with the special findings of fact; and upon the special findings the general verdict should have been for the plaintiff. (Code, § 287.)

3. Upon the facts specially found by the jury, together with other undisputed facts appearing in the case, the general verdict should have been for the plaintiff.

4. It was gross error for the district court to permit defendant, on the direct examination in his own behalf, to an-

swer the following question: "What did Mr. Fuller say to you, if anything, about this letter from plaintiff, after reading it over?" That the statement or response of Fuller to defendant is hearsay evidence, is too plain for discussion. That it was also incompetent, irrelevant and immaterial, is equally clear. Nor was it responsive to anything given in evidence by the plaintiff. It was directly calculated to direct the minds of the jury from the real issue, and to prejudice the plaintiff's case by inducing the jury to believe, if Fuller's statements were true, that plaintiff had, in some manner in his conduct in connection with that case, been guilty of wrong or unprofessional acts; and to that extent it operated as a *quasi* impeachment of plaintiff's integrity as a man and *witness*. The answer to the question might have had that effect upon the jury, and might have been the *turning fact* with the jury on the question, whether or not the defendant ever *expressly requested* the plaintiff to perform these services; for if the jury had found or believed that defendant *actually requested* plaintiff to perform the services in question, they *must have found for the latter*. (3 Cow. 612; 3 Hill. 194; 1 Comst. 519; 8 Barb. 530; 9 id. 619; 4 E. D. Smith, 546.)

*Ansel R. Clark*, and *John McAleese*, for defendant in error:

1. The jury had all the evidence before it, and where there is competent testimony bearing upon both sides of the question, the verdict is final upon that question. Nobody denies that plaintiff performed some service; so he did in *Muscott v. Stubbs*, 4 Kas. 520, which case fits here. There the court says (p. 522): "It was never the law that one party could force a contract upon the other;" but from reading the evidence the court will readily see that such is the intention of plaintiff. Again, the plaintiff testifies to an express contract; this is denied. He has not proved an implied contract in law, and cannot recover.

2. The special findings made by the jury are, under a reasonable construction, consistent with the general verdict.

3. Ordinarily, the question complained of in the fourth point

of plaintiff's brief would be improper; but in this instance it surely was not. "The strict rules of evidence are always made to bend when necessary to find out the truth." But this question was immaterial, and could not harm plaintiff when all the other facts are against him, and are so found by the jury.

4. The record of this case is incomplete, and the court cannot know from the pretended case what were the pleadings, motions, etc., filed in the cause. The judge who signed the case does not certify to the different pretended copies of the record; and the certificate of the clerk is almost useless. (25 Kas. 706.)

5. As the judge does not certify that the case-made contains all the evidence, this court cannot consider it. (25 Kas. 107.)

The opinion of the court was delivered by

HORTON, C. J.: A preliminary question is presented in regard to the record. Counsel for defendant in error allege that the record is incomplete; that the certificate of the judge is insufficient; and the certificate of the clerk, as made, useless. It is also urged that the court cannot consider the evidence, for the reason that it is not all before this court. The record comes to us in the form of a case-made, signed by the judge and attested by the clerk of the district court, and the seal of the court is attached thereto. It appears from the record that the case was submitted to the judge, who settled and signed the same, and therefore the attestation is in due form. No certificate of the clerk to a case-made is requisite. His attestation and seal of the court to the certificate of the judge are sufficient. The record shows that it contains all the evidence given by both parties on the trial, and we cannot approve the construction attempted to be placed upon this by counsel for defendant, by limiting this language to the testimony personally given by plaintiff and defendant. We think a reasonable construction is, that the record contains all the evidence offered on the part of plaintiff and defendant. Counsel refer to the statements of several witnesses in regard to the value of the services of plain-

tiff, and urge that because the record states that their evidence tended to prove the services were worth from $20 to $35, that the record shows the evidence taken is not fully presented. The settling and signing of a case-made is the duty of the judge, and therefore the statements set forth and contained in a case-made are conclusive upon us. After the case-made is settled and signed, it is no longer the mere writing or language of counsel, but is the record made by the judge. The statute permits the case to contain so much of the proceedings and evidence as may be necessary to present the errors complained of, and where several witnesses testified as to the value of services and there is no contradictory evidence, it would seem unnecessary to set forth in detail all their testimony; but a general statement as to its purport would be sufficient, when there is no error alleged concerning its admission. This course, it seems, was adopted in this case, and as the substance of such testimony is set forth, we do not think it contradicts the statement in the record, that all of the evidence is embraced therein.

The defendant in error testified on the trial that one William J. Fuller, who was employed to defend him in one of the cases for which plaintiff claimed compensation for services as an attorney at law, said to him, referring to the plaintiff and to a letter written by the latter on June 19, 1879, inclosing his claim for professional services: "That is another of the old man's tricks; he is all the while interfering in my business matters; I will attend to this matter." This evidence was objected to by plaintiff as incompetent, irrelevant, and immaterial. The objection was overruled by the court, and exception noted. The testimony of defendant concerning the statements of Fuller to him was mere hearsay testimony, and the court erred in admitting it. The only question upon this matter is, whether this testimony, which was erroneously received, may have influenced the jury in the findings or verdict. The evidence of the parties to the suit was very conflicting, and the examination of the whole record convinces us that such testimony may have influenced

the jury, and therefore we cannot consider the error immaterial. (*Kansas Pacific Railway Co. v. Pointer*, 9 Kas. 620; *Gilleland v. Schuyler*, 9 id. 569.)

Various other questions are raised, but as a new trial must be had, we do not think it necessary to comment upon them. The law as to an implied contract in regard to services of the character sued for, is clearly and fully declared in *Muscott v. Stubbs*, 24 Kas. 520.

The judgment of the court below is reversed, and a new trial ordered.

All the Justices concurring.