ADOLPH EHRHARD V. JOHN McKEE, *as Administrator of the estate of Michael Jones, deceased.*

1. JURY — *Separation — Presumption Against Verdict.* Where a jury in a civil action separate and mingle with the public after they had retired to consider of their verdict, without permission of the court, and without having been duly admonished, as the statute requires, a presumption against their verdict arises that will vitiate it, unless it affirmatively appears that no prejudice was suffered by the losing party.

2. ———— *Burden of Proof.* When it is shown that a jury separated without having been duly admonished, the burden is shifted to the prevailing party, and it will devolve on him to show that the jury was not subjected to any improper influence, and that no injury resulted to the unsuccessful party.

3. STATEMENTS OF STRANGERS, *Received in Evidence — Error.* The admission of the statements of strangers to the action, not made in the presence of the party against whom they were offered, in respect to attempts made to prevent adverse witnesses from testifying in the action against such party, and to improperly influence other witnesses to testify in his favor, was prejudicial error.

*Error from Clay District Court.*

THE opinion states the case.

*Harkness & Godard,* for plaintiff in error.

*Dawes & Durin,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, J.: This action was instituted by Adolph Ehrhard, before a justice of the peace, to recover from Michael Jones $99 as damages, alleged to have been sustained by reason of the stock of Jones trespassing upon plaintiff's land and destroying his crops. Judgment was given in favor of the plaintiff, and Jones appealed to the district court, where a trial with a jury resulted in a verdict and judgment in favor of Jones, and the plaintiff brings the case here, alleging error. Since the proceeding was instituted in this court, Jones has deceased, and the action has been revived in the name of his personal representative.

Two of the errors alleged require attention, and their determination will compel a reversal of the judgment. One of the witnesses called in behalf of the defendant was permitted to testify, over objection, to statements purporting to have been made by a son of the plaintiff, and not in the presence of the plaintiff, to the effect that his son endeavored to induce the witness to testify in the interest of plaintiff in this action, and had asked to be allowed to train the witness "how to swear." Another witness for defendant was permitted, over objection, to give conversations had with strangers to the action, at which the plaintiff was not present, to the effect that a certain party had been hired to leave, so that the defendant could not obtain his testimony. These parties were strangers to the action, and the statements were clearly incompetent and of a very prejudicial character, and not admissible in this action against the plaintiff upon the theory of conspiracy, nor upon any other theory.

A new trial was asked because of the misconduct of the jury. The case was submitted to the jury on September 26, 1887, when they retired in charge of an officer, and remained in session until September 28, when they reported to the officer in charge that they had agreed upon a verdict. The court not being in session at that time, they sealed up the verdict and delivered the same to the officer, and thereupon were allowed to separate. At the convening of the court on the following day, the jury were brought in and asked if they had agreed upon a verdict, and the foreman responded that they had, and the sealed verdict was thereupon opened and read by the clerk, which was a finding in favor of the defendant, but that each party should pay one-half of the costs of the action. The record shows that the following proceedings were then had:

"Whereupon the court reprimanded the jury for separating and going at large upon the pretense of having agreed upon a verdict, which they must have known could not be received, and thereupon directed the jury to retire to their jury-room to consider of their verdict; to which action of the court in

directing the jury to retire after having been separated during the previous day and night, plaintiff objected, and asked that the jury be discharged for misconduct."

The objection was overruled, and an exception taken. The jury again retired, in accordance with the direction of the court, and, failing to agree at an earlier time, they were kept by the officer continuously until the 3d day of October, 1887, when they agreed upon a verdict in favor of the defendant. The reprimand which the court administered to the jury was fully justified, and the natural tendency of their misconduct was to disqualify them for the proper performance of their duty. The result which they sealed up and delivered as a verdict finding in favor of both parties, was plainly inconsistent and improper. The plaintiff contends that it was a feigned verdict, given in order to gain the privilege of separating. They may have been honestly mistaken as to their course; but whatever may have been their motive, their action resulted in a separation without the permission or admonition of the court. They were permitted to mingle with the public, and for aught we know may have conversed with many others about the facts in the case, and may have received impressions concerning it other than those received during the progress of the trial. The result first returned is vastly different from the verdict finally rendered, as the record discloses that the great amount of costs incurred is probably now the most important consideration in the controversy. At any rate, it was necessary to hold the jury continuously together about five days afterward to secure an agreement in favor of the defendant, relieving him from the payment of half the costs. No testimony was offered, on the motion for a new trial, to show that the misconduct did not influence the jury to the prejudice of the unsuccessful party. The statute provides that when a case is finally submitted to the jury, they must be kept together, under charge of an officer of the court, and not allowed to separate or mingle with the public, except with the permission of the court and after they have been duly admonished as to their conduct during the

separation. (Civil Code, §§ 278, 279.) In the case of *Pracht v. Whittridge,* just decided, (same case, 25 Pac. Rep. 192,) it was held that a violation of these statutory provisions by the separation of a jury without having been duly admonished by the court, creates a presumption against the verdict, and if no showing is made that the substantial rights of the unsuccessful party were not prejudiced, it will be sufficient ground for a new trial. This was the rule established in the case of *Madden v. The State,* 1 Kas. 340; and the civil case of *Morrow v. Comm'rs of Saline Co.,* 21 id. 516, which has been referred to, decides nothing to the contrary. In the latter case, there was some discussion with reference to the effect of a separation, but no decision was in fact made, for the reason that the record did not show that there had actually been a separation. The violation of the statutory provisions with reference to separation and admonition, gives rise to a prejudice which will vitiate the verdict unless it affirmatively appears that no prejudice was suffered by the losing party. When such misconduct is shown, the burden is shifted to the prevailing party, and if he can by the affidavit of the jurors or other testimony make it appear that the jury were not subjected to any improper influence, and that no injury resulted to the losing party, the verdict should stand. If it appears from the showing made that nothing transpired to affect the integrity of the verdict, it should not be disturbed; but where there is a plain violation of statutory requirement enacted for the preservation of the purity of the verdict, such as the one we are considering, it devolves upon the prevailing party to show that the improper conduct did not prejudice the substantial rights of his opponent. In the absence of such a showing by the defendant in error, a new trial should have been granted.

The judgment of the district court will be reversed, and the cause remanded for another trial.

All the Justices concurring.