## JAMES HITE v. JOSEPH STIMMELL.

1. SUPREME COURT — *Jurisdiction.* Section 1, chapter 245, Laws of 1889, (Gen. Stat. of 1889, ¶ 4642,) does not oust the supreme court of jurisdiction of proceedings in error pending in that court prior to the passage of that statute.

2. CASES, *Followed.* The cases of *Muscott v. Hanna,* 26 Kas. 770, and *Simpson v. Smith,* 27 id. 565, followed.

*Error from Brown District Court.*

THE opinion states the case.

*R. F. Buckles,* and *W. D. Webb,* for plaintiff in error.

*Jas. Falloon,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 21st day of June, 1886, James Hite commenced his action against Joseph Stimmell before a justice of the peace of Brown county, to recover the possession of two steers, of the value of $63. The defendant obtained judgment before the justice of the peace, and the plaintiff appealed to the district court. The case was tried before the court with a jury, at the November term for 1886, but the jury having disagreed, the case was continued. A second trial was had with a jury at the February term of the court for 1887. The jury returned a verdict for the defendant. Judgment was entered accordingly. The plaintiff excepted, and brings the case here. The petition in error was filed in this court on January 25, 1888.

The defendant has filed a motion to dismiss the proceedings in error, upon the ground that since the filing of the case in this court the jurisdiction of this court in cases of error has been abridged by the Laws of 1889, ch. 245, § 1, (Gen. Stat. of 1889, ¶ 4642.) That statute reads:

"No appeal or proceeding in error shall be had or taken to the supreme court in any civil action unless the amount or value in controversy, exclusive of costs, shall exceed one hundred dollars ($100), except in cases involving the tax or revenue laws, or the title to real estate, or of an action for damages in which slander, libel, malicious prosecution or false imprisonment is declared upon, or the constitution of this state, or the constitution, laws or treaties of the United States, and when the judge of the district or superior court trying the case involving less than one hundred dollars ($100) shall certify to the supreme court that the case is one belonging to the excepted classes."

Under this statute, it is claimed that this court has no jurisdiction, because the amount or value in controversy, exclusive of costs, is less than $100. This proceeding in error was brought to this court before this statute was enacted. The statute does not deprive the court of jurisdiction of cases already pending in the court, but provides that (after the

passage of the act), no appeal or proceedings in error shall be had or taken to the supreme court in any civil action, unless the amount or value in controversy, exclusive of costs, exceeds $100, with certain exceptions. "It is in general true," say the books, "that no statute is to have a retrospect beyond the time of its commencement."

Again, appeals or proceedings in error are to be favored. It is quite clear, therefore, that this court has jurisdiction to pronounce judgment in all cases pending in this court at the time the statute was adopted, but no jurisdiction to hear or determine cases prohibited by the statute of 1889 from being taken to this court after that statute went into force.

In the case of *Ex parte McCardle*, 7 Wall. 506, to which we are referred, we find upon examination that the federal statute affirming the appellate jurisdiction of the United States supreme court in cases of that class was expressly repealed. After the repeal, that court had no jurisdiction of the case then pending before it. When the jurisdiction of a cause depends upon the statute, the repeal of the statute takes away the jurisdiction. (*Insurance Co. v. Richey*, 5 Wall. 541.) That case is unlike this. The motion to dismiss will be overruled.

Upon the trial, Joseph Stimmell was asked on cross-examination, after testifying that he had taken several parties to the herd to see the cattle in dispute, this question:

"Q. Why did you take those parties there to identify the cattle? A. Simply because I wanted to be perfectly sure that they were mine, and to substantiate the evidence if I had to go into controversy with Jim Hite; because — well, I say that I took those witnesses there to identify those cattle in case he and I should ever have to have trouble with those cattle."

This was an answer to the question, and all the witness was asked for. But taking advantage of the situation, he testified further before the jury, as follows:

"I was told that Jim Hite was a man that had trouble with everybody that he had anything to do with; that he had taken cattle that belonged to other parties. And one man in particular told me that he knew that Jim Hite had at one time

a steer that belonged to him, but he had no evidence to prove it, and he had just simply let him go."

The plaintiff moved to have that part of the answer of defendant which was merely hearsay evidence stricken out. This motion the court overruled. The plaintiff excepted.

The evidence which was asked to be withdrawn from the consideration of the jury was incompetent, irrelevant, and hearsay; therefore the trial court committed error in overruling the motion of plaintiff. (*Muscott v. Hanna*, 26 Kas. 770; 1 Greenl. Ev., 15th ed., § 99.) The evidence was prejudicial and may have influenced the jury in its verdict. The court's attention was expressly called to the matter and there seems to be no excuse for its refusal to rule out such hearsay statements.

Again, W. E. Lewis, a witness called for the defendant, was permitted to testify as follows:

"Q. I will ask you were you present at the trial before the justice? A. I was.

"Q. Did you see either of the cattle there, produced before the jury? A. Yes; saw the two, but the one that I noticed mostly was that with the white stripe on his side.

"Q. You may state who, you say, they belonged to? A. I say they belonged to Mr. Stimmell.

"Q. Whose cattle are they? A. I think they are Mr. Stimmell's."

This evidence was objected to by plaintiff. Other witnesses were permitted to testify in a like manner, over the objections of the plaintiff. This evidence was incompetent. (*Simpson v. Smith*, 27 Kas. 565.) It was said in that case that —

"It is seldom competent to prove a fact by a simple assertion of the fact itself. And this is especially true where the fact is of a complex character, and is the principal, if not the only ground of contention in the case. . . . As a general rule, only such facts can be testified to directly by the witness as are comparatively simple, primary and elementary, and such only as come within the direct and immediate cognition of his senses. The witness should generally be directed to

state what he has seen, heard, etc., and then he should state the same in detail and not attempt to give it in the aggregate. Now, ownership of property is not one of such simple, primary and elementary facts as come within the direct and immediate cognition of the witness's senses. On the contrary, it is one of that class of complex facts which can only be conceived in thought or realized in consciousness as a combination of a variety of constituent facts, or as an intangible inference or mere conclusion drawn from a variety of other facts more simple and less complicated in their nature."

In the present case, the principal fact to be proved was, whether the plaintiff owned the steers in controversy. If he owned them, he was entitled to recover. If he did not own them, he was not entitled to recover. It was simply this question of ownership and nothing else which the jury were impaneled to try. It was, therefore, incompetent to permit witnesses to testify simply as to ownership.

Other alleged errors are discussed in the briefs, but as they are not very material one way or the other, we shall not comment thereon.

It is, perhaps, unfortunate that we are compelled to grant another trial in this case, but as the plain and ordinary rules of evidence were flagrantly violated upon the trial, and as exceptions were properly taken by the plaintiff, we cannot avoid the duty imposed upon us.

The judgment of the district court will be reversed, and the cause remanded.

All the Justices concurring.