## JANTZEN v. EMANUEL GERMAN BAPTIST CHURCH.

### No. 695.   Opinion Filed November 16, 1910.

1. **CORPORATIONS—Pleading—Capacity to Sue.** It is not necessary for a plaintiff corporation in bringing a suit to allege that it is a corporation. Plaintiff's want of legal capacity to sue, where such fact does not affirmatively appear upon the face of the petition, cannot be raised by motion for judgment upon the pleadings or by' objection to the introduction of evidence under the pleadings. It should be raised by a special plea in the nature of a plea in abatement. If it is not so done, 'defendant, by pleading to the merits. admits plaintiff's capacity to maintain the action.

2. **APPEAL AND ERROR—Refusal of Leave to Withdraw Answer —Discretion.** A denial of an application of defendant to withdraw his answer for the purpose of filing an amended answer will not be held an abuse of discretion or material error, where the application fails to show the character or the purpose of the amendment desired.

3. **REPLEVIN—Pleadings—Issues—Defects in Affidavit and Bond— Effect.** In an action of replevin, where a petition has been filed, the affidavit and bond for an ancillary order of replevin are not parts of the pleadings; and whether a cause of action has been stated is determined by the averments of the petition; and the petition is not affected by defects in the averment of the affidavit or by irregularities in the bond.

4.  **EVIDENCE—Fact of Ownership—Opinions.** Ownership of personal property is ordinarily a simple fact to which a witness having the requisite knowledge can testify directly; and, in an action of replevin, a question as to who is the owner of the property involved, where such question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, is admissible.

5.  **TRIAL—Sealed Verdict—Remand of Jury for Correction.** A jury that arrived at a verdict during recess of the court, under permission of the court. sealed their verdict and separated. Upon reconvening of the court, the sealed verdict returned by the jury found for plaintiff, but found that the costs should be divided. Held, that, in the absence of misconduct of the jury in arriving at the sealed verdict, it was not error for the trial court to remand the jury to their room to correct their verdict as to costs. for the jury was without jurisdiction over the subject of costs; and that portion of the verdict might have been treated by the court as surplusage and judgment rendered for plaintiff and for his costs upon the original verdict returned.

(Syllabus by the Court.)

*Error from Blaine County Court; C. E. Malcomb, Judge.*

Replevin by the Emanuel German Baptist Church, by David Schmidt and John Laubach, trustees, against H. J. Jantzen. Judgment for plaintiff, and defendant brings error. Affirmed.

*Wm. O. Woolman* and *L. H. Hampton,* for plaintiff in error. *C. F. Dyer,* for defendant in error.

HAYES, J.   This is an action of replevin brought originally by defendant in error in the county court of Blaine county. In its petition the church, plaintiff below, alleges that it is the owner and entitled to the possession of one certain organ and an oak top stool; that defendant unlawfully, wrongfully, and forcibly detains possession of said property from plaintiff.

Defendant in his answer pleads evidentiary facts and circumstances, the effect of which is to deny that plaintiff is the owner of the property sued for, and alleges that he is now the owner of said property.   There is no allegation in plaintiff's petition as to its character, relative to its being a partnership, an unincorporated association, or a corporation, or relative to its legal capacity to sue; nor is there any allegation in defendant's answer relative to such

matter. There was a motion by defendant for judgment upon the pleadings and an objection to the introduction of any evidence, upon the ground that plaintiff was without legal capacity to maintain this action. This motion and objection was equivalent to a demurrer to the petition upon such grounds. But want of legal capacity to sue cannot be raised in this way where such fact does not appear from the face of the petition. This question was first considered and passed upon in this jurisdiction in *Leader Printing Co. v. Lowry et al.,* 9 Okla. 89, in which all the provisions of the statute applicable to the question are cited and discussed. In the third paragraph of the syllabus to that case it is said:

"It is not necessary for a plaintiff corporation, in bringing a suit, to allege that it is a corporation. Its legal capacity to sue will be presumed in law until the contrary is made to appear; and, unless it affirmatively appears from the face of the petition that the plaintiff has no legal capacity to sue, such question cannot be raised by a demurrer. The point that plaintiff is not a corporation should be raised by a special plea in the nature of a plea in abatement. If it is not so raised before pleading to the merits, the question is waived. By pleading to the merits, a defendant admits plaintiff's capacity to maintain the action."

This doctrine was subsequently approved in *Miller et al. v. Campbell Commission Co. et al.,* 13 Okla. 75, and in *Boyce v. Augusta Camp No. 7429, M. W. A.,* 14 Okla. 642. It therefore follows upon two reasons that the trial court committed no error in the matter complained of; for, if defendant's objection had been made in time, want of capacity to sue could not be raised in the method sought to be raised by him, since plaintiff's petition does not disclose such want of capacity; and for the further reason that defendant filed his answer to the petition without raising such question by specific averments thereto. By pleading to the merits, without raising the question of plaintiff's capacity, he admitted its capacity to maintain the action.

When the case was called for trial, defendant asked and was granted permission to withdraw his answer. For what purpose he desired to withdraw it, is not disclosed in his application therefor.

Immediately thereafter, the court set aside the order granting such permission and denied the application. It is argued here that the withdrawal of the answer was for the purpose of filing an amended answer. Giving defendant the benefit of this contention, which was not made to appear by his application to the court below, it cannot be said that the court committed error. The permitting or refusing amendments to pleadings is a matter in the sound judicial discretion of the court. *Mitchell et al. v. Ripley & Bronson,* 5 Kan. App. 818; and where the party applying fails to set forth in his application any showing as to the character or purpose of the amendment desired, it cannot be said that there was any abuse of discretion or any material error committed. *Stewart v. Winner et al.,* 71 Kan. 488.

The motion for judgment upon the pleadings and the objection to the introduction of any evidence was also upon the ground that the affidavit for order of attachment filed at the commencement of the proceedings failed to state certain matters required by the statute to be stated therein; and that the bond executed for the purpose of procuring the delivery of the property was not in form and substance as required by the statute. But, conceding without deciding that the affidavit and bond are defective as contended, such facts in no way can affect the proceeding in the main action. Such facts might be grounds for quashing the order of delivery and requiring the property to be re-delivered to the defendant, pending the action; but the attack made by defendant on the affidavit and order was not for this purpose, but to prevent a judgment upon the issues formed by the petition and answer. By sections 4352 and 4353 of Wilson's Revised and Annotated Statutes, any plaintiff in a replevin action may, at the commencement of the action, or any time before answer, obtain an order for the delivery of the property in controversy to him, pending the action, by filing with the clerk of the court an affidavit, setting up certain facts specified by the statute, and a bond in double the value of the property, conditioned as by the statute required. But a proceeding under these sections of the statute to obtain possession of

the property, pending the action, is ancillary to the main proceeding and not essential to it. An action of replevin may be maintained without any proceeding for an order of delivery of the property. *Batchelor v. Walburn et al.,* 23 Kan. 734. An affidavit forms no part of the pleadings, where a petition or bill of particulars has also been filed, and its office ceases when the property is delivered and jurisdiction conferred and the action thereafter proceeds upon the petition; and whether a cause of action has been stated, must be determined by the averments of the petition and not by the affidavit. *First National Bank v. Cochran,* 17 Okla. 538; *Hoisington v. Armstrong,* 22 Kan. 91; *Ward v. Masterson,* 10 Kan. 77.

Complaint is also made of the admission of parol testimony to show that plaintiff is a corporation. If error, however, was committed in this, it was harmless, for the only effect of evidence as to the corporate capacity of plaintiff was to show its legal capacity to maintain the action, and, since under the pleadings this capacity was admitted and cannot be questioned by defendant, any evidence thereon was immaterial and could not affect the rights of any one.

One Mr. Schmidt, trustee of the plaintiff church, was permitted, in testifying in behalf of plaintiff, to be asked and to answer, over objection of defendant, the following question: "I will ask you to state, Mr. Schmidt, if the Emanuel German Baptist Church was the owner of a certain organ known as the Farrand make, Detroit, Michigan, and a certain revolving stool, oak top, on the 27th day of August, 1908?" Answer: "Yes; it was." The property described in the question is that involved in this controversy. Defendant's objection to the evidence is that it calls for a conclusion of the witness; that the ownership of personal property, where that is the ultimate fact to be determined in an action, can not be established by statement of such fact from witnesses, but must be established by showing the facts and circumstances upon which ownership is claimed; such as prior possession, claim of ownership, transfers from the person first in possession claiming ownership down to the last. The only authorities cited by him in

support of this contention are *Simpson v. Smith et. al.*, 27 Kan. 565, and *Hite v. Stimmell*, 45 Kan. 469.

*Simpson v. Smith et al.* was an action for damages for conversion. One of plaintiff's witnesses in that case was permitted to testify that plaintiffs in the case were the absolute owners of the goods converted. The court held the admission of this evidence error, but it is stated in the opinion that if that were the only error in the case, it would not be held material.

The *Hite v. Stimmell* case cites and follows *Simpson v. Smith et al.* In the Hite case, other errors also were committed by the trial court; and we are not informed by the opinion whether, if the admission of the evidence as to ownership was the only error committed, it would be regarded so material as to require a reversal. There are cases from other jurisdictions in harmony with the foregoing cases from Kansas, but there are many other cases holding the contrary.

In *Olson v. O'Connor*, 9 N. Dak. 504, the court, after stating the rule announced in the Kansas cases and referring to those cases and to cases from other courts supporting the same rule, said:

"Undoubtedly, the foregoing authorities correctly state the rule where the answer of a witness as to ownership involves his construction of facts or his conclusion as to what they establish. In such cases it is erroneous to permit witnesses to testify to the ultimate fact of ownership and by so doing compel the jury to return a verdict upon the opinions and conclusions of the witness, instead of the primary facts upon which ownership is based. But it is also the unanimous voice of these authorities that where the answer as to ownership is direct, but is subsequently qualified by a statement of the facts relative to it, or tending to show such ownership, and discloses the facts upon which the answer is based, the error is cured, and is not ground for reversal. The reason for this, as stated in *Nicolay v. Unger*, 80 N. Y. 54, is that 'defendants would receive all the advantage which would flow from the evidence given in regard to what transpired between the parties, and it would not add to its weight or increase its effect by proof of the conclusion of the witness.' "

We think the foregoing reasoning sound; and in the case at bar, if the question objected to and the answer thereto were incom-

petent, such error was cured by the subsequent testimony of the witness, who testified as to all the circumstances and facts upon which his knowledge of the ownership of the organ and stool is based. But we do not base our conclusion upon so narrow a ground. Testimony of ownership of personal property may, under some circumstances, be such a conclusion as to permit testimony relative thereto would call for an opinion of the witness; but it is also at times a fact, a primary fact, as much so as many of the other thousand facts about which witnesses are permitted to testify to directly. In *Olson v. O'Connor, supra,* plaintiff sought to recover for the conversion of certain grain grown upon her farm. Defendant admitted taking the grain and its value, but alleged as a complete defense that it was not the property of plaintiff. The following questions were propounded to plaintiff: "Whose grain was it, raised there in 1896?" And "you may state who was the owner of the crop." These questions were held not to be incompetent or calling for a conclusion of the witness, and in the opinion the following language is used:

"But we are agreed that in this case, under the facts as they appear, these questions did not call for an opinion, but a statement of fact simply, and therefore come under the rule that where the question involves a fact clearly within the knowledge of the witness, and not the expression of an opinion upon facts proven, such question is admissible."

In *De Wolf v. Williams,* 69 N. Y. 621, which was an action for conversion, the question asked was: "Whose was the property in the house, 516 Pacific street?" Objection was made to it as being a question of law, and it was held that the question and answer were proper; that the title to property was ordinarily a simple fact to which a witness having the requisite knowledge could testify to directly. This case was cited and followed in *Parmele Company v. Haas,* 171 N. Y. 579, where the question asked was: "Whose was the property in the house?" Inquiries as to the ownership of certain goods at a stated time "called for a fact and not for a conclusion of law as claimed. The witness was in a position to know how the fact in that respect was. The questions were,

therefore, admissible, and it was the office of a cross-examination to discover whether the witness stated in his answer a fact or a conclusion." *Casper v. O'Brien*, 47 How. 80. "Ownership of personal property is a fact to which a witness may testify. On cross-examination such witness can be required to state the particular facts on which the claim of ownership rests." *Steiner Bros. & Co. v. Tranum*, 98 Ala. 315. See, also, *Daffron v. Crump*, 69 Ala. 77; *Murphy v. Oldberding*, 107 Ia. 547; *Archer v. Hooper*, 119 N. C. 531; *Hawley v. Bond*, 20 S. D. 215.

Complaint is made of the giving and refusal of certain instructions, but the instructions or the portions thereof about which complaint is made have not been set out in plaintiff in error's brief. Rule 25 (20 Okla. xii) requires that where a party complains of instructions given or refused, he shall set out in *totidem verbis* in his brief separately the portions to which he objects or may save exceptions. Where this requirement of the rule is not complied with, the court will not consider objections to instructions given or to the action of the court in refusing instructions requested. We shall not, therefore, consider separately the complaints relative to the instructions; but we have read carefully the charge of the court, and, taken as a whole, it correctly states the law applicable to the issues formed by the pleadings and evidence, and no prejudicial error was committed therein.

The case was submitted to the jury with instruction that if they arrived at a verdict during recess of the court, they might return a sealed verdict and report to the court on the following morning. A sealed verdict was returned, which, upon being opened, was in favor of plaintiff, finding it to be entitled to possession of the property in controversy, and further found that each party should pay one-half of the costs. The finding of the jury that each party should pay one-half of the costs was without authority of law; and the court ordered them to return to the jury room for further deliberation and to correct their verdict. Whereupon the jury retired to its room and thereafter returned into open court a verdict in favor of plaintiff for possession of the property. De-

fendant objected to the court's receiving this verdict, upon the ground that the court had no power or authority to reassemble the jury for further deliberation, after the jury had, upon arriving at at sealed verdict, separated.   We think this was not prejudicial error.   The assessment of costs was not a matter for determination by the jury.   By section 4781 of Wilson's Rev. & Ann. Statutes it is provided that, except as otherwise provided by the statute, costs shall be allowed, of course, to plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property.   The jury, no doubt, unadvisedly included in their verdict a finding as to the costs. Plaintiff, however, contends that the sealed verdict arrived at by them was no verdict at all; that their dispersing thereafter was unauthorized; and that they therefore could not be returned to the jury room to correct the error of their verdict.   He cites in support of this contention *Ehrhard v. McKee,* 44 Kan. 715.   In that case there was a sealed verdict in favor of defendant, which divided the costs between the parties to the action.   After the sealed verdict had been placed in the hands of the proper officer, the jury separated.   Thereafter the sealed verdict was returned into court by the jury and opened.   Whereupon the court, after reprimanding them for separating and going at large upon the pretense of having agreed upon a verdict, directed them to return to their room for further deliberation.   The jury retired and it was not until after about five days deliberation that a verdict in favor of defendant was rendered.   It was charged that the sealed verdict was only a feigned agreement on a verdict for the purpose of securing their release and to enable them to separate.   It does not appear in that case that the court gave the jury permission to return a sealed verdict, or that permission was given them upon any conditions to separate.   It was held by the appellate court that there was misconduct of the jury, and that the burden was upon the prevailing party to show that such misconduct did not prejudice the unsuccessful party.   Although plaintiff in error in his brief charges that there was misconduct of the jury in this case, and for that

reason the verdict should be avoided, such charge does not seem to have been made in the court below, his objections there being that the court was without authority, after a sealed verdict had been arrived at and the jury separated, to reassemble the jury. Nor is there anything in the record to indicate misconduct on the part of the jury. There was no contention in the lower court, so far as the record discloses, and there is nothing here to indicate that the verdict was feigned in order to enable the jury to separate, or that it was not arrived at in good faith. No great interval of time intervened between the reassembling of the jury and returning into court the corrected verdict, as in the *Ehrhard v. McKee* case. In *Sutliff et al v. Gilbert,* 8 Ohio, 405, the practice of permitting juries to return sealed verdicts, and, after they have arrived at such verdict to separate until the verdict is returned into court, is discussed in the following language:

"Formerly, jurors were not permitted to separate until their verdict was returned into court; and in order to compel them to agree, they were deprived of the necessaries of life for the time being. But these rigid rules have been much relaxed in the practice of this state. We do not, it is true, permit jurors to separate until a verdict is found, but we allow them all necessary refreshment, and when they have agreed upon a verdict, if the court is not in session they are permitted to put it under seal, and then separate. This verdict they return when the court again convenes. The verdict thus returned has the same effect, and must be treated in the same manner, as if returned in open court, before any separation of the jury had taken place. But, if after having once agreed, and put their verdict under seal, a jury shall separate, and subsequently meet in their room and change this sealed verdict, such altered verdict could not, with propriety, lay the foundation of a judgment. Such conduct in a jury would constitute that degree of misbehavior for which a verdict ought to be set aside. The most common practice of this court is to direct the jury that if the court shall not be in session when they shall have agreed, to return their verdict to the clerk; and if he cannot be found, to put it under seal, and bring it in at the opening of the court. In thus far relaxing ancient rules, we have experienced no inconvenience; and I have no doubt we might go further without any danger; for I believe the more confidence is placed in jurors, the

more they are treated like reasonable men, the more will right and justice, through their instrumentality, be done."

And, discussing the authority of the court to remand the jury to their room, after it has been separated, for the purpose of correcting errors in the verdict, it was said:

"In the case under consideration, the jurors did not misbehave. They did not separate until a verdict was found and placed under seal. This same verdict was, at the opening of the court on the next morning, delivered to the court. As before remarked, it must be treated and considered the same as if returned before there had been any separation of the jury. The question then arises, whether the court, after a jury have once returned a verdict, has the power to remand them to their room for further consultation. * * * But where the jury have decided the issue between the parties, but have failed to return a complete verdict, as, for instance, where, in an action on a promissory note, they have found for the plaintiff the amount of the note with interest, but have not specified in dollars and cents that amount, they may, with propriety, be returned to their room to make the computation of interest."

The foregoing language of the Ohio court is in harmony with the rule and practice prevailing in most of the states.

In the case at bar there was no misbehavior on the part of the jury. They arrived at and returned into court in the first instance a verdict upon which a judgment could have been entered. It is true that that portion of the verdict dealing with the costs was a matter over which the jury had no jurisdiction, but it was mere surplusage and could have been so treated by the court, and a valid judgment entered in favor of plaintiff for possession of his property and for costs. A similar verdict was considered by the court in *Nation et al. v. Littler et al.,* 59 Kan. 733, 52 Pac. 96, wherein it was held that the incorporation in a verdict of a provision dividing the costs was without any effect and was not a ground for a new trial; and that the plaintiffs were entitled to have a judgment entered upon the verdict, and to all their costs. In *Foote v. Woodworth,* 66 Vt. 216, discussing the same question, the court said: "The jury went out of their province in awarding

costs, and the court might, in the first instance, have treated that part of the verdict as surplusage." In that case, the jury was remanded to their room to correct the defect in their verdict. See, also, *Simonds v. Shields*, 72 Conn. 141.

The trial court would have committed no error in the case at bar, if he had received the first verdict returned, disregarded that portion of it relative to costs, and rendered judgment thereon in favor of plaintiff. Can it therefore be said that, by the return of the verdict to the jury for correction, plaintiff has been prejudiced? We think not. We do not decide that if the facts and circumstances indicated that the first verdict was a feigned verdict and agreed upon not in good faith, but for the purpose of procuring a separation, that the trial court would not have committed error in entering a judgment upon it; but the error in that event would consist of entering a judgment upon a verdict vitiated by misconduct of the jury, which is an entirely different question from want of authority to remand the jury to their room to correct a verdict containing a finding that is a mere surplusage.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

DUNN, C. J., and KANE and TURNER, JJ., concur; WILLIAMS, J., not participating.