## FT. SMITH & W. R. CO. v. WINSTON.

No. 2999.    Opinion Filed November 25, 1913.

(136 Pac. 1075.)

EVIDENCE—Ownership of Personalty—Competency of Witness. Ownership of personal property is ordinarily a simple fact, to which a witness, having requisite knowledge, can testify directly, and a question as to who is the owner of personal property involved in an action where such question involves a fact within the knowledge of a witness, and not an expression of opinion upon facts proven, is admissible.

(Syllabus by the Court.)

*Error from County Court, Hughes County;*
*P. W. Gardner, Judge.*

Action by W. W. Winston against the Ft. Smith & Western Railroad Company. Judgment for plaintiff, and defendant brings error. Reversed.

*C. E. & H. P. Warner,* for plaintiff in error.

*Crump & Skinner,* for defendant in error.

HAYES, C. J. This action was begun in the court below by defendant in error, hereinafter called plaintiff, against plaintiff in error, hereinafter called defendant or the railroad company, to recover the value of 1,546 first-class railroad ties and 113 second-class railroad ties in the total sum of $505.02. It was the contention of plaintiff that plaintiff either had the ties cut and paid therefor, or bought them from those who cut them, and had them piled along the right of way of defendant for the purpose of selling them; that in the month of January, 1910, defendant, without any knowledge or consent of plaintiff, took the ties, and hauled them away. Under its general denial, defendant contended as its defense in the trial of the case that it bought the ties from one McAdams, and that McAdams bought them from one Buchanan, and that Buchanan was then the owner and in possession thereof. The jury, under instructions of the court to which no complaint is made, found for plaintiff.

The only alleged error urged for reversal of the cause is the action of the court in rejecting certain evidence. Plaintiff testified to his ownership of the ties, and that he had never sold same. Before the case proceeded to trial, defendant moved the court for a continuance, on the ground that one R. F. McAdams, a material witness in behalf of defendant, was absent. The material facts to which the motion for continuance alleged the absent witness would testify were that he (McAdams) sold the ties involved to defendant, and that defendant had paid him for same; that he had bought said ties from Buchanan, and paid him therefor; that at the time he bought them from Buchanan he (Buchanan) had the ties in his possession, and was the sole and

only owner of same; and that plaintiff did not at that time or at any time thereafter own said ties, or have any interest in same. To avoid a continuance, plaintiff admitted that, if the absent witness was present, he would testify to the foregoing facts. When this evidence was offered upon the trial, an objection thereto was sustained. It is the contention of defendant in error that no error was committed by the trial court in sustaining said objection, because the offered evidence constituted a conclusion of the witness, rather than a statement of any facts, in that it was offered for the purpose of establishing the fact of ownership of the ties.

This court, in *Jantzen v. German Emanuel Baptist Church,* 27 Okla. 473, 112 Pac. 1127, which was an action of replevin, held that ownership of personal property is ordinarily a simple fact, to which a witness can testify directly, and, in an action of replevin, a question as to who is the owner of the property involved, where such question involves a fact clearly within the knowledge of the witness, and not an expression of an opinion upon the facts proven, is admissible. The foregoing case is reported, also, in 24 Ann. Cas. 659, with an extensive note, wherein the author of the note states that the foregoing rule is supported by the weight of authority.

This court, quoting from *Steiner v. Tranum,* 98 Ala. 315, 13 South. 365, in the Jantzen case, said:

"Ownership of personal property is a fact to which a witness may testify. On cross-examination such witness can be required to state the particular facts on which the claim of ownership rests."

The rejected evidence was material upon an issue of defense, to support which defendant had no other evidence, and the rejection of this evidence was prejudicial error, for which the cause must be reversed.

All the Justices concur.