## WHITMAN v. BRETT.

No. 15141—Opinion Filed Feb. 3, 1925.

**Bills and Notes—Holders in Due Course—Presumption and Burden of Proof.**

Every holder is deemed prima facie to be a holder in due course; but when it is

shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Kay County; Claude Duvall, Judge.

Action by K. M. Whitman against George H. Brett. There was judgment for defendant, and plaintiff appeals. Affirmed.

T. J. Sargent and Irving D. Ross, for plaintiff in error.

L. A. Maris, for defendant in error.

Opinion by MAXEY, C. This case grows out of the following transaction: On the 11th day of April, 1917, the defendant was doing business at Ponca City as George H. Brett Implement Company; and that on said date the Southwestern Manufacturing Company sold to the defendant a certain new and untried kind of threshing separator, with the oral agreement and understanding between the said Brett and the Southwestern Manufacturing Company that the same was to be tried out by said Brett, and that he was to determine whether it would properly and satisfactorily thresh wheat, oats, kaffir corn, and other grain, and if so he was to pay the note sued on in this case, and was to place the separator or thresher on the market in connection with his implement business, and that if it would not so thresh said grains, that the same was to be taken back by the Southwestern Manufacturing Company, and said note was to be returned to the defendant, Brett; that soon after the receipt of said threshing separator, which was in the summer of 1917, the said George H. Brett gave the same a thorough and complete trial, and found that it would not thresh grain, and was wholly unfitted for the purpose of threshing grain, and worthless for such purpose; that said defendant at once notified the Southwestern Manufacturing Company that said machine would not thresh grain, and requested them to advise him as to what disposition they wanted him to make of it; that he declined to accept the same, and requested the return of his note; and has at all times since held said thresher for the Southwestern Manufacturing Company, and is now ready to return the same to the Southwestern Manufacturing Company, or its assignees or to the plaintiff in this case upon the return and cancellation of his note. All of these matters were set up in paragraph 3 of defendant's answer. Plaintiff filed a reply to

said answer in the nature of a general denial, and as to paragraph 3, the plaintiff replied as follows: "Plaintiff neither affirms nor denies the allegation set forth in paragraph 3 of said answer." A trial was afterwards had to the court and a jury and resulted in a verdict for the defendant, Brett, and judgment was entered accordingly. The plaintiff filed a motion for new trial, which was overruled by the court, and the case has been duly appealed to this court.

The note sued on was executed at the time of the purchase of the threshing machine, and was a few days thereafter assigned by the Southwestern Manufacturing Company to the plaintiff, K. M. Whitman, who resided in Chicago. It appears from the testimony that Mr. H. G. Garrett, president of the Southwestern Manufacturing Company, had known the plaintiff, K. M. Whitman, for 20 years, and was in the habit of discounting his notes to Whitman; and a few days thereafter, and during the month of April, 1917, said note was assigned to the plaintiff. No particular effort was made to collect this note until after the Southwestern Manufacturing Company went into bankruptcy, and suit was then filed on the note by the plaintiff on the 7th day of January, 1922, nearly five years after it was given.

Plaintiff in error in his brief says:

"The one and only question which plaintiff in error cares to call to the attention of this Honorable Court is that covered by the fourth assignment of error in plaintiff's motion for a new trial, and is as follows: 'Error of the court in refusing to allow plaintiff to introduce relevant, competent, and material testimony which was material to the substantial rights of the plaintiff.'"

The plaintiff's deposition was taken at Los Angeles, Cal., after this suit was brought. After the plaintiff had testified to his residence and his acquaintance with Mr. Garrett of the Southwestern Manufacturing Company, and the purchase of the note in question, in which he testified that he paid $300 for the note, he was asked the following question: "Did you have any notice of any defects in the title of the Southwestern Manufacturing Company to said note?" To this question, the defendant objected on the ground that it was incompetent, irrelevant, and immaterial, and calling for a conclusion from the witness. The court sustained this objection and the plaintiff excepted, and the sole question presented to this court is whether the sustaining of said objection to the question was such prejudicial error as will justify a reversal of the case. Counsel

106—4

for plaintiff in error relies upon section 7722, Comp. Stat. 1921, which is as follows:

"A holder in due course is a holder who has taken the instrument under the following conditions: First. That it is complete and regular upon its face: Second. That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact; Third. That he took it in good faith and for value; Fourth. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."        ,

And he also cited the case of First National Bank of Hayes City v. Robinson et al., 93 Kan. 464, 144 Pac. 1019, in which the court says:

"The cashier was asked who was the holder of the note, and an objection on the ground that the question called for a conclusion of the witness was sustained. A similar rule was made touching questions as to who was the owner and whether the note was a part of the assets of the plaintiff bank. But finally the latter question was permitted to be answered. The modern notion of the admissibility of evidence is that it is more important to get the truth than to quibble over impractical distinctions. While in a very strict sense it may be giving a conclusion for the owner to say that he is the owner of a chattel or chose in action surely he ought to know and if he is mistaken it may be shown on cross-examination. Almost any answer might, when dissected with the scalpel of precise mental philosophy, be deemed wholly or partly a conclusion. The first stock question usually is 'where do you reside?' And the courts have not yet found that a reply giving the location indicates only the witnesses conclusion as to his habitation, and yet no more perplexing question can arise than that of residence in some cases."

Counsel also cites the case of Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127. In the fourth paragraph of the syllabus of this case, the court lays down the following rule:

"Ownership of personal property is ordinarily a simple fact to which a witness having the requisite knowledge can testify directly; and, in an action of replevin, a question as to who is the owner of the property involved, where such question involves a fact clearly within the knowledge of the witness and not the expression of an opinion upon facts proven, is admissible."

Other cases are cited by plaintiff, but the foregoing are sufficient to show the contention of plaintiff in error. The defendant in error relies on sections 7725 and 7729, Comp. Stat. 1921, which are as follows:

"When title is defective. The title of a person who negotiates an instrument is defective within the meaning of this chapter when he obtained the instrument, or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud.

"Presumption as to holding in due course. Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

He also quotes the case of Union State Bank v. Mayor et al., 88 Okla. 230, 212 Pac. 987, and quotes from the first paragraph of the syllabus as follows:

"The undisputed testimony in this case shows the existence of such infirmities in the notes sued on as to render them unenforceable between the original parties, and under section 7729, Comp. Stat. 1921, the burden is upon the holder to prove that he or some person under whom he claims, acquired title as holder in due course."

Counsel for defendant, after quoting the above authorities and commenting on the case of Jantzen v. Emanuel German Baptist Church, supra, analyzes the question propounded to which objection was sustained, and says:

"We submit that at least two propositions in this question removed it from the realm of calling for the simple 'primary facts' in the case and were, First. The word 'notice,' Second. The phrase 'defects in the title.' Counsel contends that the word notice has a peculiar significance in law, that knowledge always is equivalent to notice. But in many cases the law holds a party to have had notice of a transaction who actually knows nothing whatever about it. The law speaks of 'actual notice,' 'implied notice,' 'constructive notice.' A set of facts which the courts of one state hold to be 'notice' to a party, the courts of a sister state hold to fall short of 'notice,'" etc.

The witness was asked to inform the court (the trial judge) as a matter of law that nothing existed or had transpired which amounted to "notice" without even giving the court and jury the facts which the witness had in mind. To permit the answer to such a question would deprive the jury of the right to consider the issuable facts in the case and would place the authority for instructing the jury upon the question of

notice in the hands of the plaintiff instead of the trial judge.

The answer of the defendant in ordinary concise language pleaded the facts which showed that the title of the payee, The Southwestern Manufacturing Company, to the note was bad. It apprised the plaintiff of the issue of fact he would have to meet on the trial of the case, but plaintiff did not introduce testimony either to deny that such defensive facts so pleaded existed, or to show that when plaintiff bought the note he did not have actual knowledge of the infirmity or defect, or knowledge of such facts that his action in taking the instrument amounted to bad faith. (Comp. Stat. 1921, sec. 7726). If plaintiff's right is measured by this rule, he could (and no doubt would) have told in his deposition what he knew or did not know, and what the facts and circumstances of his taking the note were. But, instead, he rests his case by merely asking the question above quoted, and upon that being excluded goes no further and appeals to this court. We are inclined to hold that when the court sustained the objection to this question, that the plaintiff should have pursued his inquiry further, and brought out the circumstances under which he bought the note. As above stated, there are several different kinds of notice known to the law, and it would have been very easy for the plaintiff to have been interrogated as to all the phases of notice, and let the court see whether he had such notice as would defeat his right of recovery as a holder in due course. It may be that it was technically an error to have sustained this objection, but the question for us to decide is whether it was such error as deprived the plaintiff of a substantial right. If it had cut the plaintiff off from making other proof showing that he did not have notice, the error would be reversible error. But where the field was left open for the plaintiff to pursue his inquiry along other lines, we do not think the sustaining of the objection to this question was reversible error, and the judgment of the trial court should, therefore, be affirmed.

By the Court: It is so ordered.

Note.—See under (1) S C. J. pp. 982, 983.