**DeMATTE et al. v. CLARK, Sheriff.**

No. 25967.    Oct. 22, 1935.

E. Moore, for plaintiffs in error.

I. L. Cook and Wm. Rowe Cook, for defendant in error.

PHELPS, J. This is an action to enjoin the defendant sheriff from conducting an execution sale of certain personal property allegedly belonging to plaintiffs. The plaintiffs' appeal from a judgment for defendant. They contend that the judgment is contrary to the law and evidence.

The plaintiff DeMatte did not testify. The plaintiff Lydia Clellan testified that she owned the personal property in question and that she acquired the property through a sheriff's sale which had taken place in the preceding January; that plaintiff DeMatte, her business associate, bid in the property for her at that sale, that she furnished the money, and that she and DeMatte were still the owners of the property. On this point her testimony varied somewhat from the allegations in the petition, in that the petition alleged DeMatte purchased the property at the sheriff's sale, and she subsequently purchased a half interest therein from DeMatte. Although counsel for defendant cross-examined the witness as to this discrepancy, he did not object to the introduction of the evidence on the ground that it was at variance with the pleadings. We do not attach particular importance to the question of whether Mrs. Clellan owns a half interest or the entire interest, or whether, on the other hand, DeMatte owns the entire interest, since both of them were parties plaintiff and if either owned any fractional interest the issues here would be the same.

The plaintiff Clellan further testified that the sheriff was attempting to sell the property. The defendant did not present any evidence except the judgment which was the basis of the execution which he was attempting to levy on the property in suit. The judgment debtor therein was plaintiff Clellan's husband. There was no evidence that plaintiff's husband had any present interest in the property, fractional or otherwise.

From those facts, it appears evident that the injunction should have been granted. The defendant advances the argument that the court was justified in refusing the relief, on the ground that there was a variance between the allegations and the proof. Yet the proof was admitted without objection by the defendant, and, as hereinbefore observed, the variance is not serious.

The defendant also contends that when the plaintiff testified that she "owned" the property she was merely expressing a conclusion, and that her statement was no evidence whatsoever of that fact. While it would have been more satisfactory to offer in evidence the execution and return of sale, under which she or DeMatte derived title, we cannot say, in the light of previous decisions of this court, that a witness's statement that he is the owner of personal property is a mere conclusion.

In Jantzen v. Emmanuel German Baptist Church, 27 Okla. 473, 112 P. 1127, Annotated Cases 1912C, 659, this question was discussed at great length and it was there decided that ownership of personal property is ordinarily a simple fact to which a witness having the requisite knowledge can testify directly, and that on cross-examination such witness can be required to state the particular facts on which the claim of ownership rests.

That case was followed by Jones v. Citizens State Bank, 39 Okla. 393, 135 P. 373. Therein a witness testified that another party had no title or interest in personal property, no objection to such testimony being lodged by the adverse party. There is an intimation in that case that the statement was merely an opinion or conclusion, but this court pointed out that in the absence of a proper objection thereto the defect was cured.

The next occasion when this question came before the court was in Fort Smith & W. R. Co. v. Winston, 40 Okla. 173, 136 P 1075, in which case this court reversed the judgment of the lower court for the refusal

to permit a witness to testify that a party was "owner" of certain railroad crossties. It was again stated, in accordance with the general rule, that:

"A question as to who is the owner of the property involved, where such question involves a fact clearly within the knowledge of the witness, and not an expression of an opinion upon the facts proven, is admissible."

The same doctrine was followed in Mitchell v. McCollister, 93 Okla. 203, 220 P. 631, and Whitman v. Brett, 106 Okla. 96, 233 P. 195, from which latter case we quote:

"The modern notion of the admissibility of evidence is that it is more important to get the truth than to quibble over impractical distinctions. While in a very strict sense it may be giving a conclusion for the owner to say that he is the owner of a chattel or chose in action, surely he ought to know, and if he is mistaken it may be shown on cross-examination. Almost any answer might, when dissected with the scalpel of precise mental philosophy, be deemed wholly or partly a conclusion."

The rule is based on recognition of the fact that title to personal property ordinarily passes by delivery, and that often there is no manner of proving ownership other than showing possession and the claims of the owner. If it be contended that an exception to the rule exists where one, as in the instant case, claims title under and by virtue of a sheriff's sale, because of the fact that proof of the validity of the sale and therefore of ownership is easily available from the court records, in the form of the judgment, execution, and return of sale, reference to the annotation in Annotated Cases 1912C, at page 666, following the Jantzen Case, supra, reveals that the courts hold otherwise, and the fact that a purchaser bought at sheriff's sale does not require the purchaser, in testifying, to produce the records in support of title, but that his statement from the witness stand that he "owns" the property is permissible.

There was competent evidence, not of an inherently improbable character, of the following facts: (a) That one or both of the plaintiffs owned the property; (b) that the sheriff was threatening to sell the property, apparently on the strength of an execution not issued in any case in which a judgment had been rendered against either of the plaintiffs; (c) that the judgment-debtor apparently owned no interest in the property. In the absence of any contradiction to this evidence it follows that judgment should have been rendered for the plaintiffs. It is not only a question as to the weight of the evidence, but here there is no evidence at all to sustain the judgment.

"In an action of purely equitable cognizance, where it appears that the court failed to consider uncontradicted, competent evidence, or that the finding and decree are clearly against the weight of the evidence, this court will consider the entire record, weigh the evidence, and cause to be rendered such judgment as the trial court should have rendered." Cash v. Thomas, 62 Okla. 21, 161 P. 220.

However, in the instant case, we shall not direct that judgment be entered for plaintiffs, for the reason that we think a fuller and more complete investigation should be had to ascertain the true facts. It appears from the pleadings that the personal property herein involved formerly belonged to the husband of plaintiff Clellan, and that it was levied on by the judgment creditor appearing on the face of the execution in the present case, sold at sheriff's sale under that execution, at which sale Mrs. Clellan claims to have obtained title through her co-plaintiff DeMatte. The present execution is an alias execution on that same judgment, since apparently the first execution did not satisfy the judgment. Thus the situation we have is one where the judgment debtor's personal property, after the sheriff's sale on execution, immediately turns up in the name of the judgment debtor's wife, though the sale was ostensibly made to some other party. By analogy to the principles controlling fraudulent transfers, this is a legally suspicious circumstance. But though suspicious, it is not evidence, and the suspicious circumstances do not take the place of evidence. In order that some evidence may be taken on this issue, it is our opinion that instead of reversing the judgment and directing that judgment be entered for plaintiffs, it would be more compatible with justice that a new trial be had throughout. Accordingly, the judgment is reversed and the cause remanded for new trial.

McNEILL, C. J., and RILEY, WELCH, and CORN, JJ., concur.