CROSBY et al. v. FRED F. FOX CO.

No. 34168.    June 12, 1951.

Rehearing Denied July 17, 1951.

*233 P. 2d 974.*

John A. Johnson, Oklahoma City, for plaintiffs in error.

Whitten, Whitten & Fields, Oklahoma City, for defendant in error.

O'NEAL, J.  This is an appeal from a judgment or order of the court of common pleas of Oklahoma county denying a motion to quash an execution and a levy thereunder, and release or discharge the property levied upon from the execution.

On or about February 27, 1948, defendants in error herein obtained judgment in the common pleas court of Oklahoma county against Ernest M. Crosby and Leila M. Crosby, d/b/a Victory Publishing Company, and Ernest M. Crosby as an individual, and Leila M. Crosby as an individual, for the sum of $696.94. Execution was issued upon the judgment November 28, 1948, directed to the sheriff of Oklahoma county. Thereunder the sheriff levied upon certain personal property consisting of household and kitchen furniture, some wearing apparel and children's toys, as the property of said judgment debtors then in storage with Kings Van & Storage, Incorporated, in Oklahoma City, and advertised same for sale, said sale to be held December 14, 1948. Thereupon plaintiffs in error herein filed a motion to quash the execution and levy and a claim of exemption under the Constitution of Oklahoma and 31 O. S. 1941 §1. The matter was set for hearing before Honorable Carl Traub, judge of the court of common pleas, for December 11, 1948. Hearing was had and both parties presented their evidence. At the close thereof the court entered an order overruling the

motion to quash and denying the claim of exemptions. After unsuccessful motion for new trial, said judgment debtors appealed and executed and filed a supersedeas bond.

The principal complaint in error is whether or not plaintiffs in error, Ernest M. Crosby and Leila M. Crosby, were residents of the State of Oklahoma. The uncontradicted evidence is that said Ernest M. Crosby and Leila M. Crosby are and were then husband and wife, and had been for several years; that the family consisted of the husband, wife, and three children, the children are aged 4, 10, and 12 years; that Crosby and his family moved to Oklahoma City in 1941; that they lived for about two months at a hotel; they then rented a place at 2919 Northwest 19th street and lived there several years; they then lived for a short time on Oak Ridge Park. After that they bought a place at 2609 Northwest 29th street in Oklahoma City. They owned that place and lived there until February, 1948. They conducted a business in Oklahoma county before February, 1948. They had permitted their federal income tax to remain unpaid to the extent of nearly $4,000. The Federal Government had filed a tax lien against their property and was about to levy upon and sell their home; Crosby, after some negotiations, obtained a short extension of time and sold his home and paid the federal taxes. After payment of said taxes and other liens against said property, Crosby and his wife had left from the proceeds the sum of $551.72. Crosby was then without a job and without an income. He endeavored to find a place he could rent in Oklahoma City, but was at the time unable to do so. They then stored their furniture at Kings Van & Storage in Oklahoma City. That was the property here involved. The wife and children went to Fairfield, Texas, to the home of her parents and Crosby obtained employment as a traveling salesman for the book publishing firm for which he had formerly worked. He was stationed in Colorado, but the territory of his work included Colorado, Wyoming, and Kansas. Some fifteen weeks before the hearing, the wife and children went to Evergreen, Colorado. They remained there about six weeks. They then went to Fifteenth and Boulder streets in Boulder, Colorado, where they lived some six or seven weeks; they then moved to 735 Spruce street in Boulder, where they were living in a furnished apartment at the time of the hearing; that they had lived there about four weeks; Crosby was traveling at the time and was away from his family most of the time, but when not on the road he would be with his wife and children wherever they happened to be. One of the principal reasons why the wife and children went to Colorado was that their son suffered with chronic asthma and hay fever, and the doctor advised them that the higher altitude of Colorado might help his condition, and that he might outgrow the asthma and hay fever there. Crosby testified that it was always the intention of himself and his wife to live in Oklahoma City. He had not acquired any property of any kind in Colorado, Texas, or any other state; he had never voted or registered to vote in any state other than Oklahoma. There was no evidence whatever tending to show that Crosby and wife had ever acquired permanent residence in any state other than Oklahoma. About the only thing that was shown was that Mrs. Crosby had obtained a letter from their church in Oklahoma City and placed it in a church in Boulder, Colorado.

There was some evidence to the effect that Ernest M. Crosby had been indicted for some offense in the federal court, and was about to be brought to trial thereon. The evidence is wholly insufficient to show that Crosby and his wife became nonresidents of this state, but, on the contrary, clearly shows that they were only temporarily out of the state.

The order and judgment of the trial court is reversed and the cause is remanded, with directions to enter a judg-

ment sustaining the motion to quash the execution and the levy, and release and discharge the property from said levy.

LUTTRELL, V.C.J., and CORN, HALLEY and JOHNSON, JJ., concur. ARNOLD, C.J., and GIBSON and DAVISON, JJ., dissent.