**M. Le Ann HUXALL,**
**Plaintiff–Appellant,**

v.

**FIRST STATE BANK, Commerce, Oklahoma, a banking corporation,**
**Defendant–Appellee.**

**No. 85–2304.**

United States Court of Appeals,
Tenth Circuit.

March 24, 1988.

Leah W. Farish (Richard D. White, Jr., on the brief), Williams, White & Associates, Skiatook, Okl., for plaintiff-appellant.

M.D. Bedingfield (Benjamin P. Abney and Stephanie L. Jones, on the brief), Chapel, Wilkinson, Riggs, Abney & Henson, Tulsa, Okl., for defendant-appellee.

Before LOGAN, ANDERSON and BALDOCK, Circuit Judges.

BALDOCK, Circuit Judge.

Plaintiff-appellant M. Le Ann Huxall brought this action pursuant to 42 U.S.C.

§ 1983, alleging that defendant-appellee First State Bank and defendant Ottawa County[1] deprived her of property without due process of law. Upon appellee's Fed. R.Civ.P. 12(b)(6) motion, the district court dismissed the action for failure to state a claim, and *sua sponte* dismissed the claim against Ottawa County.[2] Appellant presents the following issues for review: 1) whether the district court applied the proper standard in ruling on the motion to dismiss; 2) whether she was deprived of property without due process; and 3) whether appellee acted under color of state law. We affirm the district court's dismissal of appellant's action.

The crux of appellant's § 1983 claim is that appellee caused certain personal property, which was exempt from execution, to be seized and sold at a sheriff's sale without an adjudication of the status of the property. On July 2, 1984, appellee obtained a default judgment against appellant in a debt action in the District Court of Ottawa County. On August 13, 1984, the court issued a postjudgment writ of execution. That same day, the Sheriff of Ottawa County, acting pursuant to the writ of execution, seized personal property owned by appellant and her husband and located at their place of business, The Medicine Man Pharmacy (pharmacy).[3] Following the seizure, appellant delivered to appellee and to the Ottawa County Sheriff's Department a letter in which she claimed that a "substantial portion" of the property seized was exempt from execution. A list of the allegedly exempt property was included.

1. Appellant has not appealed the dismissal of her claim against Ottawa County.

2. The court also denied appellant's oral motion to add the Sheriff of Ottawa County as a defendant, finding that the proposed amendment "would be futile" in light of the fact that an amended complaint would be subject to dismissal for the reasons stated with regard to the named defendants. Rec. vol. 1, doc. 10, at 4.

3. The property described in the security agreement executed by appellee and appellant's husband, d/b/a The Medicine Man Pharmacy, was listed on the order of execution given to the sheriff. The property so listed included:

Subsequently, a sheriff's sale was conducted. All of the seized property was sold. Appellee later filed a motion pursuant to Okl.Stat.Ann. tit. 12, § 765 for confirmation of the sale. Appellant refused to attend the hearing on the motion, taking the position that there was no legal basis for confirmation of a sale of personal property. An order confirming the sale nevertheless was entered.

Appellant then instituted this action, seeking actual and punitive damages for the conversion of her property and for damage done to the pharmacy. In granting appellee's Fed.R.Civ.P. 12(b)(6) motion, the district court concluded that appellant "ha[d] failed to allege a constitutional deprivation." Rec. vol. 1, doc. 10, at 4. The court stated that appellant did not allege that she attempted to utilize the available judicial procedure to protest the seizure of the allegedly exempt property and also did not allege either that such procedure was unavailable or that her property was seized prior to a hearing. *Id.* at 2.

The first argument posed by appellant is that the district court failed to liberally construe her pleadings in ruling on the motion to dismiss. She asserts that the court imposed an unfounded requirement that a § 1983 plaintiff must explicitly allege that no state judicial remedy is sufficient and ignored the allegation in her pleading that exempt property had been seized and sold.

Upon review of a dismissal of a complaint on the basis that the plaintiff failed to state a claim upon which relief could be granted, this court must take the allega-

A. All furniture;
B. Fixtures;
C. Inventory;
D. Cash;
E. *Accounts receivable and bank accounts* including but not limited to the items described, including all accessions and additions thereto, all replacements thereof, and all proceeds thereof.

Rec. vol. I, doc. 10, at 3. All of the property seized was within the confines of the pharmacy, and the sheriff seized all furniture, fixtures and inventory located therein. *Id.*

tions of the complaint at face value and must construe them most favorably to the pleader. *Lessman v. McCormick*, 591 F.2d 605, 607 (10th Cir.1979). A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff could prove no set of facts supporting her claim which would entitle her to relief. *Id.* at 607–08 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Unlike appellant, we do not interpret the district court's order to impose a requirement that a § 1983 plaintiff must allege that no state judicial remedy exists. Rather, the court correctly concluded, as discussed below, that appellant was afforded sufficient due process to protect her property interest and that she failed to avail herself of the state judicial procedure. As a consequence, appellant is unable to state a viable claim of an unconstitutional deprivation. The dispositive question is whether appellant was deprived of property without due process of law, not whether she affirmatively alleged the nonexistence of a state remedy. Taking the allegations of the complaint at face value and construing them most favorably to appellant, we conclude that the district court properly granted appellee's motion to dismiss.

■ Appellant next contends that she was deprived of her property without due process of law, the deprivation occurring at the moment the allegedly exempt property was seized from the pharmacy. She argues that the seizure amounted to a conversion of property not curable by any subsequent proceeding and that she was denied a "pre-deprivation hearing." She further argues that she was not required either to address appellee's motion to confirm the sale or to file a state law conversion action.

In order to obtain recovery under 42 U.S.C. § 1983,[4] the plaintiff must prove that she was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Torres v. First State Bank of Sierra County*, 588 F.2d 1322, 1324 (10th Cir. 1978). Although it is not entirely clear at what point on the continuum of the post-judgment process appellant believes a hearing should have been provided, we construe her argument to be that she was entitled to a hearing either prior to the issuance of the writ of execution or prior to the sale. Appellant has cited no pertinent authority to support her contention, and we are unaware of a constitutional requirement of a hearing after liability on a debt has been adjudicated and the creditor is attempting to satisfy its judgment. We agree with the district court that appellant's failure to invoke the state judicial procedure, which she does not allege was unavailable to her, compels the conclusion that she is unable to show an actionable deprivation of property of constitutional magnitude.

A fundamental requirement of due process is the opportunity for a party to be heard "at a meaningful time and in a meaningful manner." *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965). Appellant did have an opportunity—in fact, several opportunities —to be heard at a meaningful time. She was given notice and an opportunity to be heard prior to the entry of judgment on the debt. Having actual notice of the impending sale, she could have requested that the court determine the validity of her claim that certain property was exempt from execution, thereby preventing the sale until the status of the property seized had been adjudicated. *See, e.g., Crosby v. Fred F. Fox Co.*, 204 Okl. 691, 233 P.2d 974, 975 (1951) (motion to quash levy and execution and claim of exemption); *Baker v. Lloyd,*

***

4. 42 U.S.C. § 1983 provides in pertinent part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

198 Okl. 512, 179 P.2d 913, 915 (1947) (suit to enjoin levy of execution); *DeMatte v. Clark*, 174 Okl. 297, 50 P.2d 342, 343–44 (1935) (action to enjoin sheriff's sale of personal property). The fact that no adjudication of the status of the property seized was held, the primary focus of appellant's due process claim, is directly attributable to appellant's inaction rather than to the denial of a meaningful opportunity to be heard during the postjudgment process.

After the sheriff's sale, appellant could have filed an objection to the sale upon appellee's motion for confirmation. She continues to contend that the applicable Oklahoma statute addresses only sales of real property and is not applicable to sales of personalty. It is true that the statute specifically addresses real property. *See* Okl.Stat.Ann. tit. 12, § 765 (1960). *But see Fernow v. Gubser*, 196 Okl. 63, 162 P.2d 535, 537–38 (1945) (addressing confirmation motion regarding sale of corporate stock at sheriff's sale). Appellant's contention, however, misses the point. Regardless of the legal efficacy of the confirmation proceeding, the fact remains that she did have an opportunity to be heard regarding the legality of the sheriff's sale.

In arguing that the remedy comtemplated by § 1983 is cumulative and that she therefore was not required to exhaust any state remedies, appellant relies primarily on *Coleman v. Turpen*, 697 F.2d 1341 (10th Cir.1982) (per curiam). In that case, this court concluded that the plaintiff, whose property was seized in connection with his arrest, had stated a claim under § 1983 arising from the retention of his cash without an opportunity to show that the property should not be retained and from the sale of his camper and tools without notice. *Id.* at 1344–45. Regarding the sale, this court stated that although the plaintiff might have a state cause of action for conversion, the postdeprivation conversion remedy did not provide due process because it would have been practical for the State to provide a hearing before the sale and it was unnecessary for the property to have been sold so quickly. *Id.* at 1345.

*Coleman* is inapposite to the instant case, which involves a postjudgment levy and judicial sale. There is no allegation that appellant did not have notice of the sale. Nor is there an allegation that she did not have an opportunity to invoke the power of the court to protect her interest in the allegedly exempt property.

■ In her complaint, appellant also alleged a "violation ... of the common law against conversion." Rec. vol. I, doc. 1, at 6. Even assuming a conversion, appellant had available a state law tort claim. Her allegation that exempt property was converted in violation of the common law is not tantamount to an unconstitutional deprivation. "The civil rights statutes are not intended to federalize state tort law." *McCarthy v. Mayo*, 827 F.2d 1310, 1315 (9th Cir.1987); *see also Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976). Under the circumstances of this case, we conclude that appellant was not deprived of property without due process of law and therefore is wholly unable to state a cause of action under 42 U.S.C. § 1983.

Appellant's final contention is that appellee acted under color of state law. The district court determined that because there had been no constitutional deprivation, it need not address that question. Rec. vol. I, doc. 10, at 4. Similarly, given our disposition of appellant's due process claim, we need not reach the issue of whether appellee was acting under color of state law.

AFFIRMED.