943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael YEPEZ, Plaintiff-Appellant,
v.
Major PRICE, Superintendent, A.V.C.F., and Lt. John Waitt,
Maintenance Supervisor, A.V.C.F., Defendants-Appellees.
 No. 91-1187.
 United States Court of Appeals, Tenth Circuit.
 Sept. 3, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant Michael Yepez appeals from the dismissal of his civil rights action seeking damages and injunctive relief. See 42 U.S.C. § 1983. He alleges that a certain condition (a faulty bunk ladder with a sharp edge) at the Arkansas Valley Correctional Facility constitutes cruel and unusual punishment in violation of the eighth amendment of the United States Constitution. He also alleges that he seriously injured his arm on the ladder, as did his cell mate. The district court dismissed the complaint sua sponte because "plaintiff failed to allege that defendants knew of, and acted in a manner that disregarded, an obvious risk presented by the ladder to the upper bunk in plaintiff's cell." I R. doc. 5 at 4. Another ground for dismissal was the failure to allege personal participation by either defendant in the alleged deprivation. Id. n. 2.
 
 
 2
 In dismissing the complaint, the district court relied upon McKinney v. Oklahoma, 925 F.2d 363 (10th Cir.1991), in which we held "that a sua sponte dismissal under Rule 12(b)(6) is not reversible error when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged ... and allowing him an opportunity to amend his complaint would be futile...." McKinney, 925 F.2d at 365 (relying on Baker v. Director, United States Parole Comm'n, 916 F.2d 725, 727 (D.C.Cir.1990) and Huxall v. First State Bank, 842 F.2d 249, 240 n. 2 (10th Cir.1988)). On appeal, plaintiff argues that the actions of defendants constitute deliberate indifference and now claims that the Maintenance Department had been informed of sharp edges on numerous ladders, an allegation absent from his complaint. He also argues various points concerning negligence.
 
 
 3
 Although we must liberally construe pro se pleadings and pro se litigants "are to be given a reasonable opportunity to remedy the defects in their pleadings," we have held that a pro se plaintiff has the burden of alleging sufficient facts, or close to sufficient facts, to state a recognized legal claim. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir.1991). The burden is on the plaintiff because alleging sufficient facts about material events does not require legal training and the district court is not required to speculate on the possibility that sufficient operative facts may exist. See Hall, 935 F.2d at 1110. In this case, the plaintiff simply has not alleged in his complaint sufficient facts indicative of a culpable state of mind (deliberate indifference concerning a dangerous condition of confinement) on the part of these defendants. See Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). Of course, the district court did not consider the additional allegation that the maintenance department had been informed of the problem. Plaintiff included that allegation in his appellate brief. Notwithstanding, this additional and general allegation does not push the complaint over the personal participation and deliberate indifference hurdles inherent in this type of claim.
 
 
 4
 AFFIRMED.
 
 
 
 *
 In contemplation of summary proceedings, defendants-appellees elected not to file a brief. After examining plaintiff's brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3